**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., | |
| Plaintiff, | |
| v. | Case No. 13-cv-3288-TPG |
| ROXANE LABORATORIES, INC., | **CONTAINS CONFIDENTIAL INFORMATION -- SUBJECT TO PROTECTIVE ORDER FILED UNDER SEAL** |
| Defendant. | |

**ROXANE'S OPPOSITION TO JOHNSON MATTHEY'S
<u>MOTION TO QUASH SUBPOENAS</u>**

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ...................................................................................1

BACKGROUND ........................................................................................................2

███████████████████████████ ..............................................2

JMI sells the '482 patent to Endo. .......................................................................2

████████████████████████████████████████████...............3

████████████████████████████████████████████.........3

ARGUMENT ............................................................................................................4

The Information Sought is Relevant and Likely to Lead to the Discovery of Additional Relevant Information ..................................................................5

Complying with the Subpoenas is Not Unduly Burdensome ...............................7

JMI is the Only Source of Much of the Information Requested......................10

CONCLUSION .........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bridgeport Music Inc. v. UMG Recordings, Inc.*,
No. 05 Civ. 6430, 2007 WL 4410405 (S.D.N.Y. Dec. 17, 2007)..........................................5, 7

*Cohen v. City of New York*,
255 F.R.D. 110 (S.D.N.Y. 2008) ......................................................................................5

*Concord Boat Corp. v. Brunswick Corp*,
169 F.R.D. 44 (S.D.N.Y. 1996) ....................................................................................5, 8

*During v. City Univ. of New York*,
No. 05 Civ. 6992, 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) ................................................4

*Fears v. Wilhelmina Model Agency, Inc.*,
No. 02 Civ. 4911, 2004 WL 719185 (S.D.N.Y. April 1, 2004)..............................................5

*Gen. Star Indem. Co. v. Platinum Indem. Ltd.*,
210 F.R.D. 80 (S.D.N.Y. 2002) ....................................................................................12

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978).......................................................................................................4

*Polycast Tech. Corp. v. Uniroyal, Inc.*,
No. 87 Civ. 3297, 1990 WL 138968 (S.D.N.Y. Sept. 20, 1990)............................................12

*Sierra Rule Ltd. v. Katz*,
No. 90 Civ. 4913, 1994 WL 185751 (S.D.N.Y. May 11, 1994)..............................................4

*Speadmark, Inc. v. Federated Dep't Stores, Inc.*,
176 F.R.D. 116 (S.D.N.Y. 1997) ..................................................................................12

*Van Etten v. Mitsui & Co. (U.S.A.), Inc.*,
No. 09 Civ. 1071, 2010 WL 86138 (S.D.N.Y. Jan. 11, 2010)..................................................9

*Wertheim Schroder & Co. v. Avon Products, Inc.*,
No. 91 Civ. 2287, 1995 WL 6259 (S.D.N.Y. Jan. 9, 1995)................................................5, 8

OTHER AUTHORITIES

Fed. R. Civ. P. 26(b)(1)...............................................................................................4, 5, 6, 11

Fed. R. Civ. P. 45 ..........................................................................................................4, 5

On or about January 31, 2014, Defendant Roxane Laboratories, Inc. ("Roxane") served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises and served a Subpoena to Testify at a Deposition in a Civil Action upon non-party Johnson Matthey, Inc. ("JMI").  (Ex. 1[1])  On February 28, 2014, Johnson Matthey filed a Notice of Motion (D.E. 37), a Declaration of William Youngblood in Support of Johnson Matthey Inc.'s [sic] Motion to Quash (D.E. 38), and Memorandum of Law in Support of Motion to Quash Non-Party Subpoenas (D.E. 39).  Roxane respectfully submits this Memorandum of Law in opposition to JMI's Motion to Quash Roxane's Subpoenas.

## PRELIMINARY STATEMENT

Johnson Matthey's motion starts from the premise that JMI is "not a party" to this lawsuit, and thus, it argues, it deserves "special consideration" from the Court regarding compliance with lawfully issued subpoenas.  (D.E. 39 at 1.)  But JMI is more involved in this litigation than it lets on. ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

Further, one of the patents that Endo is asserting in this lawsuit—U.S. Patent No. 7,851,482 ("the '482 patent")—is a patent that originally issued to JMI and sold to █████████████

█████████████████████████████████████████████████

███████████████████████████████████████

---

[1] The exhibits cited herein are exhibits to the declaration of Keith D. Parr in opposition to Johnson Matthey's motion to quash subpoenas.

Regardless, JMI has not satisfied and cannot satisfy its burden of showing that the information Roxane seeks is irrelevant or that complying with the outstanding subpoenas would be inordinately onerous.

## BACKGROUND



**JMI sells the '482 patent to Endo.**



After Endo purchased the '482 patent, the Patent Office declared an interference proceeding between the Buehler application and the '482 patent to determine the true inventors of certain subject matter claimed in the '482 patent.  (Ex. 12.)

████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████

███████████████████████████████████

█████████████████████████████████████

█████████████████████████████████

████████████████████████████████

████████████████████████████████████

██████████████████████████████████

## ARGUMENT

The scope of allowable discovery under Rule 26 of the Federal Rules of Civil Procedure is, as the Court knows, broad.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…."  Fed. R. Civ. P. 26(b)(1); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (Rule 26 discovery should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.").  The same liberal standard applies to subpoenas to third parties under Federal Rule 45.  *See* Fed. R. Civ. P. 45; *See During v. City Univ. of New York*, No. 05 Civ. 6992, 2006 WL 2192843, at *2 (S.D.N.Y. Aug. 1, 2006) (reversing order granting motion to quash subpoena and noting that "[s]ubpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement"); *Sierra Rule Ltd. v. Katz*, No. 90 Civ. 4913, 1994 WL 185751, at *3

(S.D.N.Y. May 11, 1994) (applying relevance standard under Rule 26 to subpoenas and denying motion to quash 17 subpoenas and motion for a protective order).

While JMI cites some cases allowing deference to a non-party subpoena recipient (*Cohen v. City of New York*, 255 F.R.D. 110, 117 (S.D.N.Y. 2008), *Fears v. Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911, 2004 WL 719185, at *1 (S.D.N.Y. April 1, 2004), and *Concord Boat Corp. v. Brunswick Corp*, 169 F.R.D. 44 (S.D.N.Y. 1996)), other courts in this district have noted that "the obligations of a nonparty under Rule 45 of the Federal Rules of Civil Procedure are equivalent to the duties of parties responding to discovery under other rules." *Bridgeport Music Inc. v. UMG Recordings, Inc.*, No. 05 Civ. 6430, 2007 WL 4410405, at *3 (S.D.N.Y. Dec. 17, 2007) *quoting Wertheim Schroder & Co. v. Avon Products, Inc.*, No. 91 Civ. 2287, 1995 WL 6259, at *6 (S.D.N.Y. Jan. 9, 1995).  And in any event, as explained at the outset, JMI is hardly a bystander to this litigation, and thus does not deserve any special treatment as a non-party subpoena recipient.

### The Information Sought is Relevant and Likely to Lead to the Discovery of Additional Relevant Information

The discovery Roxane seeks here fits comfortably within the scope of the Rule 26 framework for several reasons.  We highlight just a few.

*First*—While Endo has sued Roxane on the '482 patent, Endo did not assert that patent against Roxane at the preliminary-injunction stage of this lawsuit.

This provision, among others, easily satisfies the relevance requirement of Rule 26. ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ This is surely relevant to "any party's claim or defense," Fed. R. Civ. P. 26(b)(1)—Roxane has a license defense in its answer.

Nevertheless JMI says that Roxane should get this information from Endo.  B████████

██████████████████████████████████████████████████████████████

█████████████████████████████. ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████

Something has to give.  JMI cannot claim, on the one hand, that Roxane should get this relevant information from Endo, ████████████████████████████████████████████

████████████████████████.

*Second*—The requested discovery also seeks documents and testimony about any communications and agreements (in addition to the patent purchase agreement) between JMI and Endo pertaining to oxymorphone hydrochloride. ████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████ ██████████████████████████

*Third*— ██████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

*Fourth*— ████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██ Documents that Endo produced show that a decision was made not to notify Roxane but instead to propose an amendment to the supply agreement that JMI would deliver to Endo before executing the patent purchase agreement.  (Ex. 10.)  Documents that Roxane has already seen call into question Donatiello's credibility, and Roxane is entitled to obtain any further documents along these lines from JMI and Donatiello's counterpart at JMI, Youngblood.

### Complying with the Subpoenas is Not Unduly Burdensome

JMI has not established that compliance with the subpoenas is unduly burdensome.  As Roxane's active pharmaceutical ingredient provider, JMI not only knows where to find the documents relating to its relationship with both Roxane and Endo, but it is in JMI's own commercial interest to locate them and produce them to Roxane.  JMI's motion to quash consists entirely of boilerplate and does not even appear to recognize this commercial reality.  *Bridgeport*

7

*Music Inc. v. UMG Recordings, Inc.*, No. 05-Civ-6430, 2007 WL 4410405, at *1 (S.D.N.Y. Dec. 17, 2007) (stating that a party contending that a subpoena should be quashed "must demonstrate that compliance with the subpoena would be unduly burdensome.").  Roxane's subpoena requests are relevant to the underlying patent infringement lawsuit because they seek documents and testimony specific and material to Roxane's affirmative license defense.

In any event, JMI has made no showing that the burdens of complying with the subpoenas are any greater than they would be in any other case.  Every subpoena requires some effort to search for documents and produce witnesses for testimony.  JMI's motion seeks to avoid any obligation to do anything.  The standard for moving to quash a proper subpoena requires more than simply a rote recitation—that could be stated in any case—of how burdensome it would be to the subpoenaed party to comply.  *See, e.g.*, *Wertheim Schroder & Co. Inc. v. Avon Products, Inc.*, No. 91 Civ. 2287, 1995 WL 6259 (S.D.N.Y. Jan. 9, 1995) ("Certainly, discovery should not simply be denied on the ground that the person or entity from whom it is sought is not a party to the action.  The outcome of litigation should not hinge on the fortuity that relevant information is possessed by a nonlitigant party.")

Contrary to JMI's suggestion, the subpoenas here are not like those at issue in *Concord Boat Corp.*, cited by JMI in its brief.  (D.E. 39 at 9-10.)  There the court found that the subpoena "effectively encompass[ed] documents relating to *every* transaction undertaken by [the subpoenaed party] for [the defendant] during the last ten years."  *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (emphasis added).  Here, the scope of Roxane's subpoenas comport to this district's standards, in that they are specifically targeted to documents and testimony related to the patent purchase agreement, oxymorphone hydrochloride, the relationship between Endo and JMI as it relates to oxymorphone hydrochloride, and the

8

supply agreement and amendment to that supply agreement between JMI and Roxane—all information relevant and essential to Roxane's license defense. *See, e.g., Van Etten v. Mitsui & Co. (U.S.A.), Inc.,* No. 09 Civ. 1071, 2010 WL 86138, at *2 (S.D.N.Y. Jan. 11, 2010) (denying motion to quash subpoena served on two banks because they were tailored to acquire information relevant and essential to the party's defense). Thus, Roxane's requests are not overbroad in any sense of that word. ██████████████████████████████████████████████████████████████████████████████████████████████████████ JMI's arguments regarding overbreadth and undue burden have no credibility when they seek to hold back such an important critical document.

It would also not be burdensome for JMI to produce documents and a witness to provide testimony relating to negotiations, discussions, and understanding reached between JMI and Endo relating to the patent purchase agreement. The negotiations took place over a relatively short period of time and involved a relatively small number of individuals. In his declaration, William Youngblood states that about eight people from JMI's side, including inside and outside counsel and JMI's key decision makers, were involved in the business decision to sell the '482 patent to Endo. (D.E. 38, Declaration of William Youngblood at ¶8.) Excluding inside and outside counsel, there were therefore only a handful of JMI individuals involved in the decision-making process. (*Id*.) Contrary to Youngblood's suggestion, this is not a large group of people and relatively few files, both electronic and hardcopy, would need to be reviewed to respond to the subpoena.

JMI tries to distract the Court by suggesting that Roxane's subpoenas to JMI are focused on seeking discovery relating to Roxane's noninfringement and invalidity defenses. As Roxane's sole active pharmaceutical ingredient supplier, JMI must know that Roxane is seeking

9

this discovery from JMI in connection with Roxane's license defense to the '482 patent.  JMI

briefly acknowledges on page 3 of its brief that it is aware of Roxane's license defense but goes

on to argue that it should be relieved from complying with the subpoena because it has already

agreed to produce Dr. Keskeny for his deposition.  (D.E. 39 at 3.)  Dr. Keskeny is listed as one of

the inventors of the '482 patent and all of the other defendants in Endo's patent infringement

actions would take his deposition in connection with the noninfringement and invalidity

defenses, independent of Roxane's subpoenas tailored to discover facts relating to the Roxane-

specific defenses.  Moreover, JMI has made no showing that Dr. Keskeny was involved in the

business decision to sell the '482 patent or any discussions that JMI had with Endo concerning

that sale.  Therefore, JMI's argument that it has agreed to produce Dr. Keskeny for deposition is

a diversion.

### JMI is the Only Source of Much of the Information Requested

Roxane has now requested a complete and unredacted copy of the JMI and Endo patent

purchase agreement on multiple occasions but has come up empty handed.  ██████████████

████████████████████████████████████████████████  In its brief

JMI argues that "if the Court finds that Roxane is entitled to an unredacted version of the patent

purchase agreement ("PPA"), that document can very easily be obtained from Endo."  (D.E. 39

at 11-12.)  To ask the Court to first find that Roxane is entitled to an unredacted version of the

PPA and to then say that the document can be very easily obtained from Endo when JMI knows

that this is not the case suggests recalcitrance on the part of a subpoena respondent.  ████████

████████████████████████████████████████████████

████████████████████████

Further, Roxane is in fact entitled to discovery relating to the communications that JMI had with respect to the supply agreement and amendment to that supply agreement.  It is true that Roxane has its copy of documents that Roxane and JMI exchanged relating to both of those agreements.  But Roxane has discovered that Endo also has documents in its possession relating to both of those agreements before its purchase of the '482 patent from JMI.  Roxane is entitled to discovery of all of the communications including temporary agreements and understandings between JMI and Endo and any other third party relating to Roxane's supply agreement and subsequent amendment.

████████████████████████████████████████████████████████

████████████████████████████████████████████  Roxane is entitled to full discovery from Youngblood and others at JMI about what JMI communicated to Endo about its relationship with Roxane in connection with the discussions and negotiations that led to the sale of the '482 patent by JMI to Endo.

Moreover, JMI's argument that discovery from a subpoenaed party by way of deposition would be "duplicative" and of "marginal additional benefit" to Roxane is not a basis for quashing the deposition subpoena directed to JMI.  In its brief JMI argues that "if the discussions between Endo and JM regarding the PPA, Supply Agreement and Amendment are somehow germane to the litigation, Roxane can elicit information regarding those discussions from a witness designated by Endo."  (D.E. 39 at 12.)  There is no question that the "discussions between Endo and JM regarding the PPA, Supply Agreement and Amendment," which JMI concedes took place, are germane to the litigation that Endo has filed against Roxane and Roxane's license defense.  The rules of discovery under Rule 26 do not require Roxane to accept only the witnesses the Endo offers on this issue, but allow Roxane to subpoena other witnesses,

11

including third-party witnesses, to further test the credibility of witnesses whose credibility is at issue.  In this case, Youngblood appears to have had direct conversations with Endo's Donatiello and others concerning Roxane's confidential supply agreement and amendment.  JMI tells the Court that Roxane's deposition subpoena should be quashed because JMI would have to identify key decision maker(s) to comply.  The mere fact that the witness chosen by JMI might be a "key decision maker" is not a reason for this Court to take the extreme position of quashing Roxane's subpoena for testimony.  *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002) ("[H]ighly-placed executives are not immune from discovery."); *Speadmark*, 176 F.R.D. at 118 (denying protective order to prevent deposing CEO who "is sufficiently likely to have knowledge of matters that appropriately are the subject of discovery.").

In this district, "[o]rders barring the taking of depositions altogether are both unusual and disfavored." *Polycast Tech. Corp. v. Uniroyal, Inc.,* No. 87 Civ. 3297, 1990 WL 138968, at *3 (S.D.N.Y. Sept. 20, 1990); *see also*, *Speadmark, Inc. v. Federated Dep't Stores, Inc.,* 176 F.R.D. 116, 118 (S.D.N.Y. 1997) ("An order barring a litigant from taking a deposition is most extraordinary relief.").  Moreover, if JMI seeks to avoid the deposition, it was JMI's burden of proving that "the proposed deponent has nothing to contribute."  *Speadmark, Inc*., 176 F.R.D. at 118.  Roxane is entitled to discover what was communicated, what was discussed with respect to the Grant-Back License portion of the patent purchase agreement, and how Roxane's licensed rights might be affected by JMI's sale of the '482 patent to Endo and Endo's conduct after that sale took place.

## CONCLUSION

For the reasons set forth above, Roxane respectfully requests that the Court deny JMI's motion to quash Roxane's subpoenas.

Dated: March 21, 2014

By: _____

Alan B. Clement
Locke Lord LLP
3 World Financial Center
New York, New York 10281
(212) 415-8600

OF COUNSEL

Keith D. Parr
Scott B. Feder
Myoka Kim Goodin
Amanda K. Kelly
Wasim K. Bleibel
Locke Lord LLP
111 S. Wacker Drive
Chicago, IL  60606
(312) 443-0700

*Attorneys for Defendant*
*Roxane Laboratories, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on March 21, 2014, I served a redacted version of the foregoing Roxane's Opposition to Johnson Matthey's Motion to Quash Subpoenas; a redacted version of the Declaration of Keith D. Parr in Support of Roxane's Opposition to Johnson Matthey's Motion to Quash and redacted versions of the supporting exhibits; and an Order Denying Johnson Matthey's Motion to Quash by email to:

        Suzan Jo                       sjo@duanemorris.com
        Duane Morris LLP
        1540 Broadway
        New York, New York
        10036-4086
        (212) 692-1088

        *Attorney for*
        *Johnson Matthey Inc.*

      I also certify that on March 21, 2014, I served the foregoing Roxane's Opposition to Johnson Matthey's Motion to Quash Subpoenas; the Declaration of Keith D. Parr in Support of Roxane's Opposition to Johnson Matthey's Motion to Quash and supporting exhibits; and an Order Denying Johnson Matthey's Motion to Quash by email to:

        Joshua I. Sherman            joshua.sherman@dechert.com
        DECHERTLLP
        1095 Avenue of the Americas
        New York, NY 10036

        Martin J. Black              martin.black@dechert.com
        DECHERTLLP
        Cira Centre
        2929 Arch Street
        Philadelphia, PA 19104

        Jonathan Loeb             jonathan.loeb@dechert.com
        DECHERTLLP
        2440 W. El Camino Real, Suite 700
        Mountain View, CA 94040

        Robert D. Rhoad           robert.rhoad@dechert.com
        DECHERTLLP
        902 Carnegie Center
        Suite 500
        Princeton, NJ 08540

*Attorneys for Plaintiff*
*Endo Pharmaceuticals, Inc*

Dated: March 21, 2014                    By: _____

                                                              Wasim K. Bleibel