UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., <br><br> Plaintiff, <br><br> v. <br><br> ROXANE LABORATORIES, INC., <br><br> Defendant. | CIVIL ACTION NO. <br> 13 CIV 3288 (TPG) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO QUASH NON-PARTY SUBPOENAS**

\

DUANE MORRIS LLP
Suzan Jo
Email: sjo@duanemorris.com
1540 Broadway
New York, NY  10036-4086
(212) 692-1088
(212) 214-0924 (fax)

*Attorneys for Non-Party Johnson Matthey, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT ....................................................................................................................2

I.  THE SUBPOENAS SHOULD BE QUASHED BECAUSE ROXANE HAS FAILED TO ESTABLISH THE INFORMATION SOUGHT IS RELEVANT .................2

    A.  Roxane Bears The Burden of Establishing Relevance. ............................................2

    B.  Roxane Has Not Satisfied Its Burden Of Establishing Relevance ...........................3

        1.  The Information Sought in The Subpoenas is Not Relevant to Roxane's "License Defense" .....................................................................4

        2.  Whether JMI Disclosed Information Related to the Roxane-JMI Agreements to Endo is Irrelevant to the Underlying Litigation .................5

II. THE SUBPOENAS ARE UNREASONABLY BURDENSOME .............................................7

    A.  As a Non-Party to the Underlying Litigation, JMI is Unquestionably Entitled to "Special Consideration". ..........................................................................7

    B.  The Balancing of the Relevance of the Information Sought Against The Burden to JMI Weighs Heavily In Favor of Quashing The Subpoenas. .................8

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

Bodega Invs., LLC v. United States, 08 Civ. 4065, 2009 U.S. Dist. LEXIS 48513 (S.D.N.Y. May 14, 2009) .................................................................................................. 9

Bridgeport Music Inc. v. UMG Recordings, Inc., 05 Civ. 6430, 2007 WL 4410405 (S.D.N.Y. Dec. 17, 2007) ................................................................................................ 7

Cohen v. City of New York, 255 F.R.D. 110 (S.D.N.Y. 2008) .................................................. 8

Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996) ................................ 8

Corbett v. eHome Credit Corp., 10 Civ. 26, 2010 U.S. Dist. LEXIS 77712 (E.D.N.Y. Aug. 2, 2010) ................................................................................................................... 3

Eisenmann v. Greene, 97 Civ. 6094, 1998 U.S. Dist. LEXIS 4591 (S.D.N.Y. Apr. 8, 1998) ............................................................................................................................ 8

Evans v. Calise, 02 Civ. 8340, 1994 U.S. Dist. LEXIS 6187 (S.D.N.Y. May 11, 1994) ............ 3

Fears v. Wilhelmina Model Agency, Inc., 02 Civ. 4911, 2004 U.S. Dist. LEXIS 5575 (S.D.N.Y. Apr. 1, 2004) ............................................................................................... 8

Fisher v. United States, 425 U.S. 391 (1976) ............................................................................ 9

Gropper v. David Ellis Real Estate L.P., 13 Civ. 2068, 2014 U.S. Dist. LEXIS 29799 (S.D.N.Y. Mar. 4, 2014) ............................................................................................... 9

Kirschner v. Klemons, 99 Civ. 4828, 2005 U.S. Dist. LEXIS 9803 (S.D.N.Y.. May 19, 2005) ............................................................................................................................ 8

Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179 (S.D.N.Y. Dec. 23, 2003) .............................................................................................. 2

Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340 (1978) ................................................... 3, 6

Schoolcraft v. City of New York, 10 Civ. 6005, 2012 U.S. Dist. LEXIS 82888 (S.D.N.Y. Jun. 13, 2012) ............................................................................................................ 2, 8

SEC v. McGinn, 10 Civ. 457, 2011 U.S. Dist. LEXIS 54416 (N.D.N.Y. Jan 5, 2011) .............. 5

United States v. Adlman, 68 F.3d 1495 (2d Cir. 1995) .............................................................. 9

United States v. IBM Corp., 66 F.R.D. 215 (S.D.N.Y. 1974) ................................................... 3

Wharton v. Lybrand, Ross Bros. & Montgomery, 41 F.R.D. 177 (E.D.N.Y. 1966) .................. 7

Wood v. Capital One Services, LLC, 09 Civ. 1445, 2011 U.S. Dist. LEXIS 61962
    (S.D.N.Y. Apr. 15, 2011).................................................................................................3, 6, 8

**Federal Statutes and Rules of Court**

Federal Rules of Civil Procedure 26(b)(1)................................................................................. 3-4

Federal Rules of Civil Procedure 45 ..............................................................................................8

DM1\4575758.1

Non-Party, Johnson Matthey, Inc. ("JMI"), through its attorneys, Duane Morris LLP, respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated January 31, 2014 ("Document Subpoena"); and the Subpoena to Testify at a Deposition in a Civil Action dated January 31, 2014 ("Deposition Subpoena") (together, the "Subpoenas"), issued to JMI by Defendant, Roxane Laboratories, Inc. ("Roxane").

**PRELIMINARY STATEMENT**

In response to JMI's Motion to Quash, Roxane filed – and served upon JMI – a heavily redacted opposition brief. (D.E. 41). JMI, through its undersigned counsel, asked that JMI be provided with an unredacted version of the opposition brief so that JMI can fully respond to Roxane's arguments. Roxane refused, claiming that because the redacted portions contained information covered by a confidentiality agreement between Endo Pharmaceuticals Inc. ("Endo") and Roxane, <u>JMI</u> would need to get consent from Endo.[1] It is Roxane's obligation – and not JMI's – to seek Endo's consent to disclose the allegedly confidential information.[2] To date, Roxane has not served an unredacted version of the opposition brief, and, therefore, JMI is severely handicapped in its ability to respond to Roxane's arguments. At the very least, this

---

[1] Roxane later offered to unredact portions of the brief that referenced Roxane's confidential information under the condition that JMI's counsel undertook to designate the information "For Outside Counsel Only". Because such a designation would hinder JMI's counsel's ability to effectively discuss Roxane's opposition brief with JMI, particularly given that JMI is not a party to this case and has minimal information to begin with, JMI declined.

[2] Roxane set up this circular argument when it chose to insert confidential information in its opposition brief without first seeking Endo's consent. Anyhow, as far as JMI knows, all of the information sought by Roxane may already be in Roxane's possession or is available from Endo.

Court should disregard those portions of the opposition brief that have been redacted and hidden from JMI.

Roxane's refusal to serve an unredacted copy of the opposition to JMI's own Motion to Quash only highlights the basic problem with Roxane's subpoenas: JMI is not a party – either nominally or beneficially – to, and has no interest in the underlying case. Therefore, JMI is entitled to special consideration of the burden complying with the Subpoenas would place upon JMI. Surely, if JMI is not even allowed to see certain key portions of the opposition brief, which Roxane argues establish the relevance of the information sought in the Subpoenas, JMI cannot and should not be called upon to produce documents and information, which itself is privileged, confidential, or proprietary to JMI.

Based upon what little can be gleaned from the portions of the brief that are not obscured, it is clear that the information sought in the Subpoenas is not relevant in any way to the underlying litigation. Juxtaposed against the burden upon JMI to comply with the subpoena, the balance weighs heavily in favor of quashing the Subpoenas.

## LEGAL ARGUMENT

### I. THE SUBPOENAS SHOULD BE QUASHED BECAUSE ROXANE HAS FAILED TO ESTABLISH THE INFORMATION SOUGHT IS RELEVANT

**A.     Roxane Bears The Burden of Establishing Relevance.**

In its opposition brief, Roxane argued that "JMI has not and cannot satisfy its burden of showing that the information Roxane seeks is irrelevant…." (Opp. Br. at p. 2)  As a threshold matter, the burden of establishing relevance rests solely upon Roxane. See, e.g., Night Hawk Ltd. v. Briarpatch Ltd., 03 Civ. 1382, 2003 U.S. Dist. LEXIS 23179, at *23 (S.D.N.Y. Dec. 23, 2003) (burden is on the party issuing the subpoena to "demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceeding"); Schoolcraft v.

City of New York, 10 Civ. 6005, 2012 U.S. Dist. LEXIS 82888 (S.D.N.Y. Jun. 13, 2012) (same); Corbett v. eHome Credit Corp., 10 Civ. 26, 2010 U.S. Dist. LEXIS 77712 (E.D.N.Y. Aug. 2, 2010) (same).  In fact, "[t]he party seeking the discovery must make a prima facie showing that… the discovery sought is more than merely a fishing expedition." Evans v. Calise, 02 Civ. 8340, 1994 U.S. Dist. LEXIS 6187, at *4 (S.D.N.Y. May 11, 1994); United States v. IBM Corp., 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (burden is on moving party to establish relevance).

### B. Roxane Has Not Satisfied Its Burden Of Establishing Relevance.

Although the Federal Rules of Civil Procedure 26(b)(1) defines the scope of discovery in broad terms, "discovery, like all matters of procedures, has ultimate and necessary boundaries." Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978), quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947).  "[T]he scope of discovery is defined in the first instance by relevance to the claims and defenses in a case." Wood v. Capital One Services, LLC, 09 Civ. 1445, 2011 U.S. Dist. LEXIS 61962 at *13 (S.D.N.Y. Apr. 15, 2011).  In this regard, relevance has been construed to "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Funds, 437 U.S. at 351 (emphasis added).  Accordingly, the Supreme Court overturned the lower courts' decisions to allow the respondents to obtain class members' names and addresses because "respondents do not seek this information for any bearing it might have on issues in this case[,]"and therefore, the information sought "cannot be forced into any concept of 'relevancy'[as defined under Rule 26(b)(1)]." Id. at 352

Roxane's opposition brief, instead of shedding light on the relevance of the information sought, cloaks itself in secrecy, obscures logic, and makes clear that the Subpoenas are nothing more than a "fishing expedition".  In fact, the "third" reason is completely redacted, and

therefore, JMI cannot respond to, and the Court should likewise ignore, reason number three. The remaining purported reasons are as follows:

(1) Roxane "suspects that [the Grant-Back License provision in the Patent Purchase Agreement] permits JMI to continue supplying oxymorphone hydrochloride to Roxane without violating the patent rights otherwise transferred to Endo in the patent purchase agreement," and that this is relevant to Roxane's license defense.

(2) "[D]ocuments and testimony about any communications and agreements … between JMI and Endo pertaining to oxymorphone hydrochloride … are relevant because they would show … that Endo had improper access to the confidential Roxane-JMI supply agreement and improper involvement in preparing and/or editing the proposed amendment in the confidential supply agreement."

(3) Roxane argues that because it "has already seen [documents] that call into question Donatiello's credibility, … Roxane is entitled to obtained any further documents along these lines from JMI and Donatiello's counterpart at JMI, Youngblood."[3]

(Opp. Br. at pp. 6-7). None of Roxane's purported reasons satisfy the definition of "relevance" under Rule 26(b)(1).

### 1. The Information Sought in The Subpoenas is Not Relevant to Roxane's "License Defense"

Roxane's first reason (i.e., its suspicion that the Grand Back License provision permits JMI to continue supplying oxymorphone hydrochloride to Roxane), is completely irrelevant to any claims and defenses in the case. As its First Affirmative Defense, Roxane alleged that "Plaintiffs claims are barred because Roxane was granted a license to the '482 Patent by Johnson Matthey Public Limited Company . . . assigned to Plaintiff." (D.E. 12) This is what Roxane calls its "license defense".

The terms under which JMI supplies oxymorphone hydrocholoride to Roxane and the permissible uses of the oxymorphone hydrocholoride by Roxane are governed solely by the Supply Agreement between JMI and Roxanne ("the "Supply Agreement") and the First

---

[3] The "fourth" reason is also substantially redacted. Thus, JMI's analysis is based only on the unredacted portions of reasons number four.

Amendment to the Supply Agreement ("First Amendment").  Roxane already has both the Supply Agreement and the First Amendment.  If the Supply Agreement, as amended, somehow granted Roxane a license to manufacture, market and sell the allegedly infringing product, support for Roxane's position will be found in the Supply Agreement and the First Amendment, and nothing in the Patent Purchase Agreement ("PPA"), to which Roxane is <u>not</u> a party, has any bearing on this issue.  If the Supply Agreement, as amended, does not confer a license upon Roxane vis-à-vis the allegedly infringing product, the confidential terms of the PPA will add nothing to the determination of that issue.  In short, the terms of the PPA are completely irrelevant to Roxane's license defense and Roxane's mere "suspicion" is not sufficient to "demonstrate a prima facie basis for the relevance of the information sought[.]"  <u>SEC v. McGinn</u>, 10 Civ. 457, 2011 U.S. Dist. LEXIS 54416, at * 14 (N.D.N.Y. Jan 5, 2011) (denying defendant's motion to compel the SEC to respond to interrogatories designed to seek information on whether FINRA's investigation was done at the behest and direction of the SEC where the defendants "have offered facts which at best demonstrate information-sharing between FINRA and the SEC but only <u>mere speculation</u> as to joint action direction or control.") (emphasis added).

      **2.**      **Whether JMI Disclosed Information Related to the Roxane-JMI Agreements to Endo is Irrelevant to the <u>Underlying Litigation</u>**

Roxane's "second" and "fourth" stated reasons related to Endo's involvement in the First Amendment also do not establish that the information sought is relevant.  Roxane's appears to believe that "JMI did not keep [the Roxane-JMI agreements] confidential," (Opp. Br. at p. 11) and cavalierly declares that it is now "entitled to full discovery from Youngblood and others at JMI about what JMI communicated to Endo about its relationship with Roxane in connection with the discussions and negotiations that led to the sale of the '482 patent by JMI to Endo."  Roxane, however, completely neglects to explain how any information regarding

communications between Endo and JMI relating to the Roxane-JMI agreements are relevant to any claim, counterclaim or defense in the underlying litigation. Roxane expects this Court to simply make a leap of faith that the information sought is somehow relevant. Roxane's conclusory demand that it is "entitled" to "full discovery" does not satisfy Roxane's burden to make a prima facie showing of relevance. See Wood, 2011 U.S. Dist. LEXIS 61962, at *36 (denying plaintiff's motion to compel and granting defendant's competing motion for protective order "given plaintiff's inability to articulate how relevant information could be extracted from the many documents requested[.]").

Additionally, there is simply no conceivable relationship between the information sought and any claim or defense in the underlying action. Whatever communications took place between Endo and JMI, Roxane, for reasons of its own, agreed to – and executed – the First Amendment. (Parr Decl. Ex. 4) To the extent that Roxane seeks to now argue that Endo interfered with Roxane's contract with JMI, Roxane did not allege any business tort claims in its counterclaims against Endo, and therefore the information sought is irrelevant. If Roxane is attempting to raise breach of contract issues against JMI, no breach of contract claims were brought as part of the underlying litigation. Moreover, JMI is not even a party to that litigation and Roxane cannot use the discovery process in this litigation to arm itself for any future action against JMI. See Oppenheimer Funds, 437 U.S. at 353, n.17, citing Miss. Power Co. v. Peabody Coal Co., 69 F.R.D. 558, 565-568 (S.D. Miss. 1976) (noting that "when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied."). Furthermore, even if, as Roxane claims, the information sought is probative of Endo's in-house counsel's (Donatiello) credibility, the information is not relevant to the litigation, and is therefore, not discoverable. See Wharton v. Lybrand, Ross Bros. &

Montgomery, 41 F.R.D. 177, 179 (E.D.N.Y. 1966) ("[t]hough evidence bearing on the issue of credibility may be elicited in discovery proceedings, it must also be relevant to the subject matter of the suit.").

II.
**THE SUBPOENAS ARE UNREASONABLY BURDENSOME**

A.    **As a Non-Party to the Underlying Litigation, JMI is Unquestionably Entitled to "Special Consideration".**

In its opposition brief, Roxane cryptically suggests that "JMI is more involved in this litigation than it lets on," and urges this Court to disregard the fact that JMI is a non-party. (Opp. Br. at p.1).[4] In support of its argument, Roxane quotes Bridgeport Music Inc. v. UMG Recordings, Inc., 05 Civ. 6430, 2007 WL 4410405, at *3 (S.D.N.Y. Dec. 17, 2007), for the proposition that "the obligations of a nonparty under Rule 45 of the Federal Rules of Civil Procedure are equivalent to the duties of parties responding to discovery under other rule." (Opp. Br. at p. 5). Roxane's reading of Bridgeport is, however, woefully misleading. In Bridgeport, this Court cautioned that "discovery should not simply be denied on the ground that the person or entity from whom it is sought is not a party to the action." 2007 WL 4410405, at *3, quoting Werthheim Schroder & Co. v.. Avon Prod, Inc., 91 Civ. 2287, 1995 WL 6259, at *6 (S.D.N.Y. Jan. 9, 1995). Instead, "[a] better approach is for the court to take steps <u>to relieve a nonparty of the burden of compliance even when such accommodations might not be provided to a party</u>." Id.  (emphasis added).

---

[4]   The purported basis for Roxane's allegation regarding JMI's involvement in the litigation is redacted in the version of the opposition brief that was served upon JMI. Therefore, JMI has no idea what Roxane believes to be JMI's role in the litigation. Hiding information from JMI belies the specious notion that JMI is somehow intimately involved in this proceeding.

Thus, despite Roxane's argument to the contrary, JMI, as a non-party, is <u>indeed</u> entitled to special consideration.  <u>See, e.g.</u>, <u>Cohen v. City of New York</u>, 255 F.R.D. 110, 117 (S.D.N.Y. 2008) ("special weight [should be given to] the burden on non-parties of producing documents to parties involved in litigation); <u>Fears v. Wilhelmina Model Agency, Inc.</u>, 02 Civ. 4911, 2004 U.S. Dist. LEXIS 5575, at *2 (S.D.N.Y. Apr. 1, 2004) ("Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party).  <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("[T]he status of a witness as a non-party to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience").

**B.     The Balancing of the Relevance of the Information Sought Against The Burden to JMI Weighs Heavily In Favor of Quashing The Subpoenas.**

In deciding discovery motions, Court must apply the rule of proportionality to protect against the production of voluminous documents and information of questionable relevance.  <u>See Wood</u>, 2011 U.S. Dist. LEXIS 61962, at *9.  In the context of Rule 45, "[t]he determination of whether a subpoena is unduly burdensome turns, in part, on why the requested material is relevant."  <u>Schoolcraft</u>, 2012 U.S. Dist. LEXIS 82888, at *5.  Where, as here, a subpoena "'pursues material with little apparent or likely relevance to the subject matter,'" it is "likely to be quashed as unreasonable <u>even where the burden of compliance would not be onerous</u>." <u>Kirschner v. Klemons</u>, 99 Civ. 4828, 2005 U.S. Dist. LEXIS 9803, at *6 (S.D.N.Y.. May 19, 2005), citing <u>Concord Boat</u>, 169 F.R.D. at 50 (emphasis added); <u>Eisenmann v. Greene</u>, 97 Civ. 6094, 1998 U.S. Dist. LEXIS 4591, at *4 (S.D.N.Y. Apr. 8, 1998) ("in light of the doubtful and tangential relevance, at best, of anything that could reasonably be expected to emerge from the putative [non-party] deposition, the Court finds that enforcement of the subpoena would

'constitute an unreasonable or burdensome misuse of the discovery process.'") (internal citations omitted).

As described in JMI's opening brief, the Subpoenas pose a significant burden upon JMI. This burden is compounded by the fact that Roxane is apparently seeking documents and information from William Youngblood, Esq. (Opp. Br. at pp. 7, 11). Youngblood is a Senior Patent Counsel at Johnson Matthey. (Youngblood Decl. ¶ 1). To the extent that Roxane is seeking non-privileged communications between Youngblood and Donatiello, and the Court determines that the communications are relevant to the underlying litigation, those communications can – and should – be obtained from Endo, which is a party to the litigation. If Roxane is seeking Youngblood's internal communications or notes regarding the PPA or the Supply Agreement and First Amendment, those communications and notes fall squarely under the attorney-client and/or attorney work product privileges, and are protected from production. See, e.g., Fisher v. United States, 425 U.S. 391, 403 (1976) ("Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged"); Bodega Invs., LLC v. United States, 08 Civ. 4065, 2009 U.S. Dist. LEXIS 48513, at *6 (S.D.N.Y. May 14, 2009) (the "attorney-client privilege protects from disclosure communications between a client and his attorney that were undertaken to elicit or provide legal advice or other legal services, and that were made and retained in confidence"); United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995) (document prepared by in-house attorneys to assist in deciding whether to undertake a business transaction that will likely result in litigation is protected work product). Accordingly, this Court should disallow any attempt by Roxane to depose or to obtain discovery from Youngblood. See Gropper v. David Ellis Real Estate L.P., 13 Civ. 2068, 2014 U.S. Dist. LEXIS 29799, at *6-10 (S.D.N.Y. Mar. 4, 2014) (granting motion to quash deposition and document

subpoena issued to plaintiff's attorney where "the risk of impinging upon the attorney-client privilege and work product protection is substantial" and defendants did not show substantial need for the documents protected by the work-product privilege).

It is clear from the opposition brief that the information sought in the Subpoenas is, at best, tangential to the subject matter of the litigation. This alone is sufficient grounds for quashing the Subpoenas. Compounded with the burden upon JMI of complying with the Subpoenas, there is no question that the Subpoenas must be quashed.

## CONCLUSION

Based upon the foregoing, the Memorandum of Law in Support of the Motion To Quash, and the Declaration of William Youngblood, Esq., Johnson Matthey, Inc.'s Motion to Quash should be granted.

Dated: April 7, 2014
      New York, New York

Respectfully Submitted,

DUANE MORRIS LLP

By: _____/s/*Suzan Jo*_____
Suzan Jo
Email: sjo@duanemorris.com
1540 Broadway
New York, NY  10036-4086
(212) 692-1088
(212) 214-0924 (fax)

*Attorneys for Non-Party Johnson Matthey, Inc.*