UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

ENDO PHARMACEUTICALS INC.,

                Plaintiff,

– against –

ACTAVIS INC. and ACTAVIS SOUTH
ATLANTIC LLC,

                Defendants.

------------------------------------------------x

12 Civ. 8985 (TPG)

ENDO PHARMACEUTICALS INC.,

                Plaintiff,

– against –

ROXANE LABORATORIES, INC.,

                Defendant.

------------------------------------------------x

13 Civ. 3288 (TPG)

ENDO PHARMACEUTICALS INC. and
GRÜNENTHAL GMBH,

                Plaintiffs,

– against –

TEVA PHARMACEUTICALS USA, INC.,
and BARR LABORATORIES, INC.,

                Defendants.

------------------------------------------------x

12 Civ. 8060 (TPG)

**(captions continued on next page)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/7/14

```
------------------------------------x
                                    :
ENDO PHARMACEUTICALS INC. and       :
GRÜNENTHAL GMBH,                    :
                                    :
                 Plaintiffs,        :   12 Civ. 8317 (TPG)
                                    :
        – against –                 :
                                    :
IMPAX LABORATORIES, INC. and        :
THORX LABORATORIES, INC.,           :
                                    :
                 Defendants.        :
                                    :
------------------------------------x
                                    :
ENDO PHARMACEUTICALS INC. and       :
GRÜNENTHAL GMBH,                    :
                                    :
                                    :   12 Civ. 8318 (TPG)
                 Plaintiffs,        :
                                    :
        – against –                 :
                                    :
SANDOZ INC.,                        :
                                    :
                 Defendant.         :
                                    :
------------------------------------x
                                    :
ENDO PHARMACEUTICALS INC. and       :
GRÜNENTHAL GMBH,                    :
                                    :
                 Plaintiffs,        :   12 Civ. 8115 (TPG)
                                    :
        – against –                 :
                                    :
AMNEAL PHARMACEUTICALS, LLC et      :   (captions continued on
al.,                                :        next page)
                 Defendants.        :
------------------------------------x
```

2

```
------------------------------------------x
                                          :
ENDO PHARMACEUTICALS INC. and             :
GRÜNENTHAL GMBH,                          :
                                          :
                 Plaintiffs,              :     12 Civ. 9261 (TPG)
                                          :
        – against –                       :
                                          :
PAR PHARMACEUTICAL COMPANIES,             :
INC. and PAR PHARMACEUTICAL, INC.,        :
                                          :
                 Defendants.              :
------------------------------------------x
                                          :
ENDO PHARMACEUTICALS INC.,                :
                                          :
                 Plaintiff,               :
                                          :     13 Civ. 3284 (TPG)
        – against –                       :
                                          :
PAR PHARMACEUTICAL COMPANIES,             :
INC. and PAR PHARMACEUTICAL, INC.,        :
                                          :
                 Defendants.              :
                                          :
------------------------------------------x
                                          :
ENDO PHARMACEUTICALS INC.,                :
                                          :
                 Plaintiff,               :
                                          :     13 Civ. 4343 (TPG)
        – against –                       :
                                          :
RANBAXY LABORATORIES LTD.,                :
RANBAXY INC., and RANBAXY                 :     (captions continued on
PHARMACEUTICALS INC.,                     :           next page)
                                          :
                 Defendants.              :
------------------------------------------x
```

3

```
------------------------------------x
                                    :
ENDO PHARMACEUTICALS INC. and       :
GRÜNENTHAL GMBH,                    :
                                    :   13 Civ. 0435 (TPG)
              Plaintiffs,           :
                                    :
      – against –                   :
                                    :
                                    :
IMPAX LABORATORIES, INC.,           :
                                    :
              Defendant.            :
                                    :
------------------------------------x
                                    :
ENDO PHARMACEUTICALS INC. and       :
GRÜNENTHAL GMBH,                    :
                                    :
                                    :
              Plaintiffs,           :   13 Civ. 0436 (TPG)
                                    :
      – against –                   :
                                    :
                                    :
ACTAVIS INC. et al.,                :
                                    :
              Defendants.           :
                                    :
------------------------------------x
```

## ORDER

Plaintiff Endo Pharmaceuticals Inc. ("Endo") brought patent-infringement actions against 12 pharmaceutical companies, for marketing or attempting to market products that allegedly infringe Endo's OPANA® ER patents. Two of the defendant pharmaceutical companies, Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals of New York, LLC (collectively, "Amneal"), recently

Additionally, Amneal argues that Endo has not met the standard required for modifying the existing protective order.  In contrast, Dechert contends that the protective order does not bar Dechert's participation because the PTO review does not involve the "prosecution of patent applications," and the protective order does not refer to Inter Partes Review proceedings.

## Discussion

In deciding questions related to a patent prosecution bar, a district court must balance the factors set forth by the Federal Circuit in In re Deutsche Bank Trust Co. Americas:

> [T]he party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation... and (2) that the potential injury to the moving party...outweighs the potential injury to the opposing party...

605 F.3d 1373, 1381 (Fed. Cir. 2010) (emphasis added).  The Federal Circuit specifically instructed the district court to consider the role individual attorneys would play in the PTO proceedings.  Id. at 1380.

The parties in these actions do not address each other's principal arguments.  Amneal does not fully address Dechert's contention that the protective order does not cover the PTO proceedings at issue.  Dechert does not discuss the standard set forth in Deutsche Bank and raised by Amneal.

6

petitioned the U.S. Patent & Trademark Office ("PTO") to determine the validity of three of the patents at issue in these action. The parties now ask the court to determine whether attorneys who represent Endo in the patent-infringement litigation may participate in the PTO proceedings.

The court requires further briefing on two issues before it can make that determination. The parties are directed to submit additional briefing on the issues described below.

### Background

This order assumes familiarity with the background of these cases and only discusses those facts relevant to deciding the representation dispute currently at issue.

Amneal recently filed a petition a petition for Inter Partes Review, asking the PTO to determine whether three patents at issue in this litigation—U.S. Patent No. 8,309,122, U.S. Patent No. 8,3,216, and U.S. Patent No. 7,851,482—are valid. By letter dated March 26, 2014, Dechert LLP, the firm representing Endo before this court, asked the court to confirm that attorneys from Dechert may participate in the PTO proceedings.

Defendants Amneal and Sandoz, Inc. submitted letters arguing that the protective order governing these cases bars Dechert from participating in the PTO review. In other words, defendants assert that the protective order sets forth a patent prosecution bar that applies to the PTO proceedings.

Additionally, Amneal argues that Endo has not met the standard required for modifying the existing protective order. In contrast, Dechert contends that the protective order does not bar Dechert's participation because the PTO review does not involve the "prosecution of patent applications" and the protective order does not refer to Inter Partes Review proceedings.

## Discussion

In deciding questions related to a patent prosecution bar, a district court must balance the factors set forth by the Federal Circuit:

> [T]he party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation… and (2) that the potential injury to the moving party…outweighs the potential injury to the opposing party…

In re Deutsche Bank Trust Co. Americas, 605 F.3d 1373, 1381 (Fed. Cir. 2010) (emphasis added). The Federal Circuit specifically instructed district courts to consider the roles individual attorneys would play in the PTO proceedings. Id. at 1380.

The parties in these actions do not address each other's principal arguments. Amneal does not fully address Dechert's contention that the protective order does not cover the PTO proceedings at issue. Dechert does not discuss the standard set forth in Deutsche Bank and raised by Amneal.

6

The court cannot decide whether Dechert should be allowed to participate in the PTO proceedings without more information from Endo and Amneal.

## Conclusion

The court directs the parties to provide further briefing on: (1) whether the protective order applies to this type of PTO proceeding, and (2) the Deutsche Bank factors, including what roles individual Dechert attorneys would play in the proceedings.

SO ORDERED.

Dated: New York, New York
       May 7, 2014

_____
Thomas P. Griesa
U. S. District Judge