**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ACTAVIS INC. and <br> ACTAVIS SOUTHATLANTIC LLC, <br><br> *Defendants.* | C.A. No. 12-CV-8985-TPG-GWG |
| ENDO PHARMACEUTICALS INC., <br><br> *Plaintiff,* <br><br> v. <br><br> ROXANE LABORATORIES, INC., <br><br> *Defendant.* | C.A. No. 13-CV-3288-TPG-GWG |
| ENDO PHARMACEUTICALS INC., <br> and GRÜNENTHAL GMBH, <br><br> *Plaintiffs,* <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. <br> and BARR LABORATORIES, INC., <br><br> *Defendants.* | C.A. No. 12-CV-8060-TPG-GWG |

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH,<br><br>        *Plaintiffs,*<br><br>        v.<br><br>IMPAX LABORATORIES, INC. and THORX LABORATORIES, INC.,<br><br>        *Defendants.* | C.A. No. 12-CV-8317-TPG-GWG |
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH,<br><br>        *Plaintiffs,*<br><br>        v.<br><br>SANDOZ INC.,<br><br>        *Defendant.* | C.A. No. 12-CV-8318-TPG-GWG |
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH,<br><br>        *Plaintiffs,*<br><br>        v.<br><br>AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC,<br><br>        *Defendants.* | C.A. No. 12-CV-8115-TPG-GWG |

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH, <br><br> *Plaintiffs,* <br><br> v. <br><br> PAR PHARMACEUTICAL COMPANIES, INC. and PAR PHARMACEUTICAL, INC., <br><br> *Defendants.* | C.A. No. 12-CV-9261-TPG-GWG |
| ENDO PHARMACEUTICALS INC., <br><br> *Plaintiff,* <br><br> v. <br><br> PAR PHARMACEUTICAL COMPANIES, INC. and PAR PHARMACEUTICAL, INC., <br><br> *Defendants.* | C.A. No. 13-CV-3284-TPG-GWG |
| ENDO PHARMACEUTICALS INC., <br><br> *Plaintiff,* <br><br> v. <br><br> RANBAXY LABORATORIES LTD., RANBAXY INC. and RANBAXY PHARMACEUTICALS, INC., <br><br> *Defendants.* | C.A. No. 13-CV-8597-TPG-GWG |

| | |
|---|---|
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH,<br><br>   *Plaintiffs,*<br><br> v.<br><br>IMPAX LABORATORIES, INC.,<br><br>   *Defendant.* | C.A. No. 13-CV-435-TPG-GWG |
| ENDO PHARMACEUTICALS INC., and GRÜNENTHAL GMBH,<br><br>   *Plaintiffs,*<br><br> v.<br><br>ACTAVIS INC., ACTAVIS SOUTH ATLANTIC LLC, and WATSON PHARMACEUTICALS, INC.,<br><br>   *Defendants.* | C.A. No. 13-CV-436-TPG-GWG |
| ENDO PHARMACEUTICALS INC.,<br><br>   *Plaintiff,*<br><br> v.<br><br>RANBAXY LABORATORIES LTD., RANBAXY INC. and RANBAXY PHARMACEUTICALS, INC.,<br><br>   *Defendants.* | C.A. No. 13-CV-4343-TPG-GWG |

**PLAINTIFF ENDO PHARMACEUTICALS INC.'S
REPLY BRIEF IN SUPPORT OF ITS
REQUEST FOR CONFIRMATION THAT DECHERT MAY
<u>PARTICIPATE IN RELATED INTER PARTES REVIEW PROCEEDINGS</u>**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.    AMNEAL'S ARGUMENTS THAT DECHERT SHOULD BE PROHIBITED FROM PARTICIPATING IN IPR PROCEEDINGS ARE UNAVAILING .......... 2

        A.    The Amneal Protective Order Does Not Bar Dechert's Participation in IPR Proceedings. ....................................................................................... 2

        B.    The *Deutsche Bank* Factors Favor Dechert's Participation in the IPR Proceedings. ....................................................................................... 5

    II.    THE OTHER DEFENDANTS' ARGUMENTS ARE SIMILAR AND ALSO UNAVAILING ................................................................................................ 7

        A.    The Language of the Other Defendants' Protective Orders Does Not Bar Dechert's Proposed Participation In the IPRs. ............................................ 7

        B.    The Other Defendants' *Deutsche Bank* Arguments Are Also Unavailing. 7

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Cordis Corp.*,
    710 F.3d 1318 (Fed. Cir. 2013)................................................................................... 2

*Applied Signal Tech., Inc. v. Emerging Markets Comm'ns, Inc.*,
    No. 09-cv-2180, 2011 WL 197811 (N.D. Cal. Jan. 20, 2011)........................................... 3

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
    No. 12-cv-5501, slip op. (N.D. Cal. June 11, 2013) ............................................................ 3

*Google Inc. v. Jongerius Panoramic Techs., LLC*,
    IPR2013-00191 (P.T.A.B. Feb. 13, 2014) ..................................................................... 4, 5

*In re Deutsche Bank Trust Co. Ams.*,
    605 F.3d 1373 (Fed. Cir. 2010)..................................................................................... 5, 6

*Mirror Worlds, LLC v. Apple, Inc.*,
    No. 6:08-cv-88, 2009 WL 2461808 (E.D. Tex. Aug. 11, 2009)......................................... 4

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
    599 F.3d 102 (2d Cir. 2010)............................................................................................. 2

*Rensselaer Polytechnic Inst. v. Apple, Inc.*,
    No. 1:13-cv-633, 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014) ......................................... 3

*Software Rights Archive, LLC v. Facebook, Inc.*,
    No. 5:12-cv-3970, 2014 WL 116366 (N.D. Cal. Jan. 13, 2014).................................... 4, 5

# INTRODUCTION

This Court should permit Endo to rely on its chosen litigation counsel, Dechert LLP, in whom Endo has already invested heavily to prepare its defense of the validity of its patents-in-suit, to assist in defending the validity of those same patents before the U.S. Patent and Trademark Office ("PTO") Patent and Trial Appeal Board ("the Board").[1] First, the express language of the Protective Orders entered in these cases does not bar counsel from participating in *inter partes* review proceedings. IPR proceedings are not patent prosecution and are therefore not covered under the "prosecution bar" in the Protective Orders. Second, even if that were not so, the *Deutsche Bank* factors favor permitting Dechert to participate in the IPR proceedings nonetheless. The only risk that any Defendant can articulate—that Endo would unfairly benefit by amending its claims in light of confidential information concerning Defendants' products—is moot given Endo's pledge to screen Dechert from any involvement with claim amendment in the IPRs. Claim amendment is the only aspect of IPR practice where information concerning competitors could have any relevance. The IPRs only address whether, at the time of Endo's inventions, the prior art would have rendered Endo's inventions obvious. Defendants' later activities copying Endo's inventions are of no moment to this central issue, and Dechert's knowledge of such will be of no benefit to Endo's rebuttals to Amneal's attacks. In contrast, preventing Endo from coordinating the defense of its patents against the same prior art presented in two separate proceedings, while Amneal is permitted to have its litigation counsel direct its validity attacks on both fronts, would hamstring Endo's ability to defend its patents and give Amneal an unfair and unwarranted tactical advantage.

---

[1] For the Court's convenience, Endo respectfully submits this combined response to Amneal's Supplemental Memorandum (12-cv-8115-TPG, D.I. 79, hereinafter "Amneal Br.") and Defendants Actavis, Roxane, Teva, Ranbaxy, Sandoz, and Par's Joint Memorandum (12-cv-8318-TPG, D.I. 69, hereinafter "Other Defs. Br.").

# ARGUMENT

I. **AMNEAL'S ARGUMENTS THAT DECHERT SHOULD BE PROHIBITED FROM PARTICIPATING IN IPR PROCEEDINGS ARE UNAVAILING**

  A. **The Amneal Protective Order Does Not Bar Dechert's Participation in IPR Proceedings.**

Contrary to Amneal's assertion (Amneal Br. at 4-5), Endo has not conceded that the protective order in this case applies to IPR proceedings. After Amneal filed its IPR petitions, Endo correctly anticipated that Defendants would object to Dechert's participation in the IPR proceedings and, to avoid any possible allegation of impropriety, sought confirmation from this Court that such participation would not violate any conditions of the Protective Order. Amneal now seeks to turn this act of caution against Endo, alleging that Endo should be penalized for seeking clarity from the Court rather than acting unilaterally. Amneal cites the *N.Y. Marine* case as somehow supporting that contention (*id.* (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 119 (2d Cir. 2010)), but that case stands only for the principle that contracts should be construed in light of the conduct of the parties. *Id.* Here, there was no conduct pertinent to the interpretation of this Protective Order provision before Endo sought clarification from the Court. The Court should not penalize such caution since to do so would encourage parties to risk breach of protective orders instead.

As explained in Endo's Supplemental Brief (No. 12-cv-8115-TPG, D.I. 75 at 5-6, hereinafter "Endo Br."), IPR proceedings are adjudicatory in nature and do not constitute the prosecution of a patent application. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) ("In 2011, Congress replaced inter partes reexamination with a new proceeding called inter partes review. The purpose of this reform was to convert[ ] inter partes reexamination from an examinational to an adjudicative proceeding . . .") (internal citations omitted); *see also Rensselaer Polytechnic Inst. v. Apple, Inc.*, No. 1:13-cv-633, 2014 WL 201965, at *2 (N.D.N.Y.

Jan. 15, 2014). Amneal cites to no case from this jurisdiction finding otherwise. Amneal Br. at 5-6. Indeed, the cases Amneal does cite, all of which are from the Northern District of California, are readily distinguishable from the facts here. For example, in *Applied Signal Tech., Inc. v. Emerging Markets Comm'ns, Inc.*, the parties had not agreed to the terms of a protective order, and the court was asked to consider if the factual circumstances justified the broad scope of the prosecution bar sought by Defendants. No. 09-cv-2180, 2011 WL 197811, at *2-4 (N.D. Cal. Jan. 20, 2011). Here, in contrast, the parties have already negotiated a narrowly-tailored bar that only prohibits litigation counsel from being "involved in **prosecution** of patent applications, including both foreign and U.S. applications and any reissue or reexamination applications, relating to oxymorphone." No. 12-cv-8115-TPG, D.I. 47 at ¶ 2(i) (emphasis added).

In *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, the court found that the protective order at issue applied to IPR proceedings because it contained a prosecution bar which was "broad and includes any conduct that could 'directly or indirectly' affect the scope or maintenance of patent claims in proceedings before the Patent and Trademark Office." No. 12-cv-5501, slip op. at 2 (N.D. Cal. June 11, 2013) (quoting definition of "prosecution" in protective order at issue). Importantly, the holding of *Ariosa* actually favors Endo. Despite the broad wording of the protective order, that court nonetheless exempted the patentee's litigation counsel from the bar. *Id*. The court **permitted** litigation counsel to participate in IPR activities such as preparing declarants, drafting declarations, taking depositions, reviewing inventors' documents, discussing responses to validity arguments, and drafting the patent owner's responses. *Id*. at 3. Here, the wording of the Protective Order is much more narrowly tailored (*see* No. 12-cv-8115-TPG, D.I. 47 at ¶¶ 2(i)), and the Protective Order should not bar Dechert from participating in activities in the IPR proceedings similar to those permitted by the *Ariosa* court.

3

In *Software Rights Archive, LLC v. Facebook, Inc.*, the patentee sought exemption from a prosecution bar for participation in IPR proceedings where the patentee had conceded at a hearing the prosecution bar applied. No. 5:12-cv-3970, 2014 WL 116366, at *2-3 (N.D. Cal. Jan. 13, 2014). Thus, *Software Rights* does not pertain to the interpretation of the Protective Order here. And again, the actual holding favors Endo. In determining that exemption was warranted, the court adopted the reasoning of *Mirror Worlds, LLC v. Apple, Inc.*, another recent decision granting exemption from a prosecution bar to permit participation in reexamination:

> Chief Judge Davis has articulated the perverse incentives implicated by a policy that would enable litigants to box-out a party's chosen counsel: 'While it is within a defendant's right to seek reexamination, the Court has serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys.' This court shares those concerns, at least where there is no risk of claim amendment.

*Id*. (quoting *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-cv-88, 2009 WL 2461808, at *2 (E.D. Tex. Aug. 11, 2009)). Here, Endo has represented that Dechert will not be involved in any amendment activities involving the IPR proceedings. Thus, there is no risk of inappropriate claim amendment, and Amneal should not be able to "box-out" Endo's chosen counsel.

Amneal's attempt to distinguish *Google* is off the mark. Amneal Br. at 5-6 (citing *Google Inc. v. Jongerius Panoramic Techs., LLC*, IPR2013-00191, at 4 (P.T.A.B. Feb. 13, 2014)). Amneal focuses on the fact that the opportunity to amend the claims during the IPR had already passed. But claim amendment was irrelevant in *Google* since the attorney in question did not represent the patentee, but rather the patent challenger, who could have no involvement in amendment at any point in time. *Google* is relevant because of the similarity between its protective order and the Order here: "the protective order at issue specifically bars litigation counsel from prosecution activities without mentioning litigation or trials before the Patent Trial and Appeal Board. An *inter partes* review is neither a patent examination nor a patent

4

reexamination. Rather, it is a trial, adjudicatory in nature and constitutes litigation." *Id*.

Lastly, Amneal's citation to the Protective Order's general prohibition on the use of confidential information outside the litigation is a red herring. Endo does not propose using Amneal confidential information in the IPR—just the opposite. And it is clearly the specific "prosecution bar" provision that governs Dechert's freedom to practice before the PTO. The remainder of the Protective Order restricts the use of confidential information, not counsels' right to practice before other tribunals.

### B. The *Deutsche Bank* Factors Favor Dechert's Participation in the IPR Proceedings.

Amneal's arguments that Endo would suffer no cognizable injury under the *In re Deutsche Bank Trust Co. Ams.* standard are without merit. Amneal Br. at 9-10. The *Deustche Bank* court stated that, in determining whether to apply a prosecution bar, "the district court must balance [the risk of inadvertent disclosure or competitive use] against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of the counsel of its choice." *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1380 (Fed. Cir. 2010). The court then provided a non-exclusive list of factors that should be considered in making this determination, including "the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO." *Id*. at 1381. Here, as highlighted by the *Software Rights* case cited by Amneal, Endo would be at a severe disadvantage if Dechert were boxed out of the IPR proceedings and Endo was forced to defend the validity of its patents in two sets of proceedings with two different teams of attorneys who were not permitted to even consult with one another. 2014 WL 116366, at *3.

Amneal's argument that the *Deutsche Bank* analysis should only consider the attorneys' prior representation before the PTO, and not the district court, is ludicrous. (*See* Amneal Br. at

5

9-10).  *Deutsche Bank* was decided on different facts, where the prosecution preceded the litigation, and its analysis reflects that.  *See* 605 F.3d at 1376, 1380-81.  It would make no sense if the same logic concerning harm to the patent holder would not also apply where, as here, the litigation preceded the activity before the PTO.

In contrast to the harm to Endo, there is minimal, if any, risk that Amneal would suffer any harm from Dechert's participation in the IPR proceedings.  Contrary to Amneal's claims (Amneal Br. at 7-9), Endo made the requisite showing that Dechert's participation in the IPR proceedings will not involve competitive decision-making.  Endo explained that Dechert will participate in those parts of the IPR proceedings concerning the factual, scientific bases as to why the claims of its own patents are not obvious in view of public prior art asserted in the IPR proceedings.  Endo Br. at 7-10.  Although Amneal asserts that "Dechert attorneys' knowledge of Amneal's proprietary secrets will almost necessarily inform the focus and content of their instruction" (Amneal Br. at 8-9), it cites no basis for that assertion.  The only "proprietary secrets" that Amneal has or will disclose in this case relate to its own generic product, which is not at issue and has no relevance to the IPR proceedings.  Indeed, if Amneal were correct, then its own counsel, who have extensive knowledge of Endo's highly confidential information—including information relating to the research and development work that led to the patents-in-suit and therefore actually is relevant to the IPR proceedings—could not participate in the IPR proceedings without violating the Protective Orders.

Amneal's sole articulated risk—claim amendment informed by confidential information about Amneal's product (*see* Amneal Br. at 8)—is moot given Dechert's pledge not to be involved in any activities relating to the amendment of any claims.  The only risk is that Dechert attorneys would violate the pledge.  They will not, and Amneal has no basis to assert they would.

## II. THE OTHER DEFENDANTS' ARGUMENTS ARE SIMILAR AND ALSO UNAVAILING

### A. The Language of the Other Defendants' Protective Orders Does Not Bar Dechert's Proposed Participation In the IPRs.

The non-Amneal Defendants argue that their Protective Orders contain additional language not found in the Amneal Protective Order that bars Dechert's involvement in the IPR proceedings. Other Defs. Br. at 2-3. However, this additional language still does not include IPR proceedings specifically or adjudicatory proceedings generally; rather, the additional language bars "drafting or amendment of claims or claim language." *See*, *e.g.*, No. 12-cv-8318, D.I. 69-1 at 9. That additional language is therefore of no moment because, as explained above, Endo and Dechert have each pledged that Dechert will not be involved in any amendment activities. Thus, Dechert's proposed participation in the IPR proceedings is not prohibited by the additional language in the non-Amneal Defendants' Protective Orders.

### B. The Other Defendants' *Deutsche Bank* Arguments Are Also Unavailing.

The non-Amneal Defendants reiterate Amneal's *Deutsche Bank* arguments and articulate the same sole risk identified by Amneal—that claim amendment may be informed by confidential information about Defendants' products (*see* Other Defs. Br. at 3-5)—which is moot given Endo's and Dechert's pledge. When Defendants say that Endo seeks to have Dechert involved in "strategically amending or surrendering claim scope," (*id*. at 5), they simply misstate the facts. None of the Defendants' confidential information has any relevance to Endo's arguments in response to validity challenges in the IPR proceedings; rather, Defendants' confidential information goes to issues of infringement. Indeed, the responses to such validity challenges must be made from the perspective of one of ordinary skill in the art at the time of the invention, and at the time of the invention, Defendants' products did not exist. Thus, there is no risk that Dechert attorneys would not be able to "compartmentalize" their knowledge of Defendants' confidential information while participating in the IPR or that Dechert attorneys

7

would inadvertently disclose that information while participating in the IPR proceedings—that information has no relevance to what Dechert would be doing.

The non-Amneal Defendants further argue that Endo will not be harmed by excluding Dechert from participating in the IPRs because Endo's other counsel (Mayer Brown) has previously represented Endo in matters before the PTO and is experienced in litigation. Other Defs. Br. at 4-5. But, while Mayer Brown has experience representing Endo in patent prosecution before the PTO, Mayer Brown has never represented Endo in any patent litigation. Instead, Endo has invested heavily in Dechert to develop the relevant expertise. Dechert represented Endo in prior litigations involving the same technology at issue in the IPR proceedings, and the same Dechert attorneys lead the team that has spent the last year-and-a-half enforcing those patents and defending their validity in the present infringement proceedings in this Court. Defendants cannot and do not deny that each of the prior art references that Defendants identified during the April 2, 2014, case management conference in these cases is also raised by Amneal in the IPRs. It would be manifestly unfair to deprive Endo of its litigation counsel and the years of experience they have in defending the validity of its patents and the ability to execute a coordinated validity defense, while Amneal's counsel is permitted to present Amneal's invalidity challenges in both venues.

While the non-Amneal Defendants did not institute the IPRs, they stand to receive the same benefits as Amneal were Endo to lose. And, the non-Amneal Defendants' litigation counsel are not barred from advising Amneal on the validity challenges being asserted in both venues so it is similarly unfair to allow Defendants' counsel, but not Dechert, to participate. The harm to Endo in barring Dechert's participation in the IPR proceedings far outweighs any potential harm to Defendants, and this Court should therefore exempt Dechert from any such bar.

| | |
|---|---|
| Dated: May 29, 2013 | By: /s/ Jonathan D. Loeb |

                                              Jonathan D. Loeb
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040
(650) 813-4800
jonathan.loeb@dechert.com

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
martin.black@dechert.com

Jeffrey Fisher
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
jeffrey.fisher@dechert.com

Robert D. Rhoad
DECHERT LLP
902 Carnegie Center, Suite 500
Princeton, NJ 08540
(609) 955-3200
robert.rhoad@dechert.com

ATTORNEYS FOR PLAINTIFF
ENDO PHARMACEUTICALS INC.

# CERTIFICATE OF SERVICE

       I hereby certify that on May 29, 2014, I caused the foregoing **PLAINTIFF ENDO PHARMACEUTICALS INC.'S REPLY BRIEF IN SUPPORT OF ITS REQUEST FOR CONFIRMATION THAT DECHERT MAY PARTICIPATE IN RELATED INTER PARTES REVIEW PROCEEDINGS** to be served on counsel of record via the Electronic Case Filing System and on the following individuals by electronic mail:

Michelle Diamond
Email: michelle_diamond@NYSD.uscourts.gov

| | |
|---|---|
| Elizabeth Holland<br>Huiya Wu<br>Daniel P. Margolis<br>Brian J. Robinson<br>Christopher J. Coulson<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY  10004<br>Tel:     (212) 425-7200<br>Email: eholland@kenyon.com<br>       hwu@kenyon.com<br>       dmargolis@kenyon.com<br>       brobinson@kenyon.com<br>       ccoulson@kenyon.com<br>       <u>teva-</u>Oxymorphone@kenyon.com | *Attorneys for Defendants*<br>*Teva Pharmaceuticals USA, Inc.*<br>*and Barr Laboratories, Inc.* |
| David N. Wynn<br>ARENT FOX LLP<br>1675 Broadway<br>New York, NY  10019<br>Tel:     (212) 484-3900<br>Email: wynn.david@arentfox.com | *Attorneys for Defendants*<br>*Par Pharmaceutical Companies,*<br>*Inc. and Par Pharmaceutical, Inc.* |

Richard J. Berman
Janine A. Carlan
Aziz Burgy
Taniel E. Anderson
Stephen Yang
ARENT FOX LLP
1717 K Street, NW
Washington, DC  20036-5342
Tel:     (202) 857-6000
Email: richard.berman@arentfox.com
       janine.carlan@arentfox.com
       aziz.burgy@arentfox.com
       anderson.taniel@arentfox.com
       stephen.yang@arentfox.com
       opana@arentfox.com
       opana-ntr@arentfox.com

| | |
|---|---|
| Lora A. Moffatt<br>CROWELL & MORING LLP<br>590 Madison Avenue, 20th Floor<br>New York, NY  10022-2544<br>Tel:     (212) 223-4000<br>Email: lmoffatt@crowell.com | *Attorneys for Defendants*<br>*Amneal Pharmaceuticals, LLC and*<br>*Amneal Pharmaceuticals of New*<br>*York, LLC* |
| H. Keeto Sabharwal<br>Paul A. Ainsworth<br>Dennies Varughese<br>Uma N. Everett<br>Joshua N. Mitchell<br>Andrew M. Nason<br>STERNE KESSLER GOLDSTEIN & FOX, PLLC<br>1100 New York Ave., N.W., Suite 800<br>Washington, DC  20005-3934<br>Tel:     (202) 371-2600<br>Email: keetos@skgf.com<br>           painsworth@skgf.com<br>           dvarughe@skgf.com<br>           ueverett@skgf.com<br>           jmitchell@skgf.com<br>           anason@skgf.com<br>           amneal.opana@skgf.com | |
| Matthew D'Amore<br>David J. Austin<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, NY  10019<br>Tel:     (212) 468-8000<br>Email: MDAmore@mofo.com<br>           DAustin@mofo.com | *Attorneys for Defendant*<br>*Sandoz Inc.* |
| David C. Doyle<br>Eric M. Acker<br>Brian M. Kramer<br>Steve Keane<br>Marta Godecki<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130-2040<br>Tel:     (858) 720-5100<br>Email: DDoyle@mofo.com<br>           EAcker@mofo.com<br>           BMKramer@mofo.com<br>           SKeane@mofo.com<br>           MGodecki@mofo.com<br>           SandozOxymorphone@mofo.com | |
| Scott R. Samay | *Attorneys for Defendants* |

| | |
|---|---|
| Anna Lamut<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 294-6700<br>Email: ssamay@winston.com<br>       alamut@winston.com | *Impax Laboratories, Inc. and ThoRx Laboratories, Inc.* |
| James F. Hurst<br>Maureen L. Rurka<br>Kevin Warner<br>Lesley M. Hamming<br>Patricia Pratt (paralegal)<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL 60601<br>Tel: (312) 558-5600<br>Email: jhurst@winston.com<br>       mrurka@winston.com<br>       kwarner@winston.com<br>       lhamming@winston.com<br>       ppratt@winston.com | |
| Charles A. Weiss<br>Eric H. Yecies<br>Nicholas P. Chiara<br>Leisa Smith Lundy<br>HOLLAND & KNIGHT LLP<br>31 West 52nd Street<br>New York, NY 10019<br>Tel: (212) 513-3200<br>Email: charles.weiss@hklaw.com<br>       eric.yecies@hklaw.com<br>       nicholas.chiara@hklaw.com<br>       leisa.lundy@hklaw.com<br>       ClientTeam-ActavisPatent-OpanaER@hklaw.com | *Attorneys for Defendants Actavis Inc., Actavis South Atlantic LLC, and Watson Pharmaceuticals, Inc.* |
| Alan B. Clement<br>LOCKE LORD LLP<br>Three World Financial Center<br>New York, NY 10281-2101<br>Tel: (212) 415-8600<br>Email: aclement@lockelord.com | *Attorneys for Defendant Roxane Laboratories, Inc.* |
| Scott B. Feder<br>Myoka K. Goodin<br>Amanda K. Kelly<br>Wasim K. Bleibel<br>Keith D. Parr<br>Nina Vachhani<br>LOCKE LORD LLP<br>111 South Wacker Drive | |

Chicago, IL  60606
Tel:     (312) 443-0700
Email: sfeder@lockelord.com
          mkgoodin@lockelord.com
          akelly@lockelord.com
          wbleibel@lockelord.com
          kparr@lockelord.com
          nvachhani@lockelord.com

Gregory J. Fleesler                                                *Attorneys for Defendants*
Shari A. Alexander                                                 *Ranbaxy Laboratories Ltd.,*
MOSES & SINGER LLP                                       *Ranbaxy Inc., and Ranbaxy*
405 Lexington Avenue                                          *Pharmaceuticals Inc.*
New York, NY  10174-1299
Tel:     (212) 554-7800
Email: gfleesler@mosessinger.com
          salexander@mosessinger.com

William R. Zimmerman
Andrea L. Cheek
KNOBBE, MARTENS, OLSON & BEAR LLP
1717 Pennsylvania Avenue N.W., Suite 900
Washington, DC  20006
Tel:     (202) 640-6400
Email: bill.zimmerman@knobbe.com
          andrea.cheek@knobbe.com

Carol Pitzel Cruz
KNOBBE, MARTENS, OLSON & BEAR LLP
1420 Fifth Avenue, Suite 3600
Seattle, WA  98101
Tel:     (206) 405-2000
Email: carol.pitzelcruz@knobbe.com


Dated:  May 29, 2014                                              By:  */s/ Teri-Lynn A. Evans*