

2440 W. El Camino Real
Suite 700
Mountain View, CA 94040-1499
+1 650 813 4800 Main
+1 650 813 4848 Fax
www.dechert.com

**JEFFREY FISHER**

jeffrey.fisher@dechert.com
+1 650 813 4823 Direct
+1 650 813 4848 Fax

August 14, 2014

**VIA ECF AND FEDEX**

The Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
Room 1630
New York, NY 10007-1312

Re: *Endo Pharmaceuticals Inc., et al. v. Teva Pharmaceuticals USA, Inc., et al.*, S.D.N.Y. 12-cv-8060-TPG
*Endo Pharmaceuticals Inc., et al. v. Amneal Pharmaceuticals, LLC, et al.*, S.D.N.Y. 12-cv-8115-TPG
*Endo Pharmaceuticals Inc., et al. v. Sandoz Inc.*, S.D.N.Y. 12-cv-8318-TPG
*Endo Pharmaceuticals Inc., et al. v. Impax Laboratories, Inc., et al.*, S.D.N.Y. 12-cv-8317-TPG
*Endo Pharmaceuticals Inc., et al. v. Impax Laboratories, Inc.*, S.D.N.Y. 13-cv-0435-TPG
*Endo Pharmaceuticals Inc., et al. v. Par Pharmaceutical Companies, Inc., et al.*, S.D.N.Y. 12-cv-9261-TPG
*Endo Pharmaceuticals Inc. v. Par Pharmaceutical Companies, Inc., et al.*, S.D.N.Y. 13-cv-3284-TPG
*Endo Pharmaceuticals Inc., et al. v. Actavis, Inc., et al.*, S.D.N.Y. 13-cv-0436-TPG
*Endo Pharmaceuticals Inc. v. Actavis, Inc., et al.*, S.D.N.Y. 12-cv-8985-TPG
*Endo Pharmaceuticals Inc. v. Roxane Laboratories, Inc.*, S.D.N.Y. 13-cv-3288-TPG
*Endo Pharmaceuticals Inc., et al. v. Ranbaxy Laboratories Ltd., et al.*, S.D.N.Y. 13-cv-8597-TPG
*Endo Pharmaceuticals Inc. v. Ranbaxy Laboratories Ltd., et al.*, S.D.N.Y. 13-cv-4343-TPG

Dear Judge Griesa:

We write on behalf of Plaintiffs Endo Pharmaceuticals, Inc. and Grünenthal GmbH to request that the Court schedule a case management conference and/or enter the enclosed proposed Case Management Order (*see* Ex. A hereto) in the above patent infringement actions.

Your Honor previously convened two conferences for the purpose of narrowing the scope of disputed issues to be presented at trial—the first was held on February 20, 2014 and focused on disputed issues of infringement, and the second was held on April 2, 2014 and focused on disputed issues of invalidity. (Copies of the transcripts of those conferences are attached as Exs. B and C for Your Honor's convenience; *see also* Ex. D, excerpt of 1/23/14 hearing, at 34:16-35:2, 36:11-14, where Your Honor explained that the purpose of the subsequent conferences would be to narrow the issues for trial). Defendants themselves repeatedly acknowledged the purpose of those conferences, stating for instance that "we believe, as you have made it very clear, it is our responsibility to apprise the Court of all of the issues at trial, and that's exactly





what we are going to do." (Ex. B, 2/20 Tr. at 60:14-20; *see also* Ex. C, 4/2 Tr. at 59:20-22.) As Your Honor summarized at the April 2nd hearing: "We're going to go to trial on what we have decided to go to trial on in these hearings. That's the beginning and that's the end of it. That's why we're having the hearings." *Id.* at 63:9-64:5. And, as Your Honor stated following the arguments at the April 2nd hearing, "we've narrowed the issues for trial." *Id.* at 111:22-24.

Your Honor's intervention is necessary at this time because Defendants are refusing to abide by the decisions and agreements made during those case management conferences. Defendants now contend that the disputed issues they identified during the conferences were only "examples" of the issues, and that they are not limited in any way regarding the number or extent of disputed issues they may raise at trial. In other words, Defendants want this case to proceed to trial as if those conferences never happened.

Allowing Defendants to disregard the agreements and decisions reached at the conferences would severely prejudice Plaintiffs and make these proceedings entirely unwieldy. For example, Defendants have identified at least 25 potential expert witnesses. It would be exceedingly burdensome to force Plaintiffs to respond to that many reports, and to take the necessary depositions of so many experts. Further, presenting dozens of experts with overlapping testimony would unduly lengthen the trial and waste the Court's time and resources. Moreover, Plaintiffs have tailored their discovery in these matters to address the issues identified at the conferences, and it would be unfair and prejudicial if Defendants were now permitted to pursue additional non-infringement and invalidity theories not raised during the conferences.

In view of Defendants' proposed unlimited expansion of the issues to be tried, Plaintiffs respectfully seek Your Honor's intervention to appropriately cabin these matters before Plaintiffs incur the costs associated with overbroad expert discovery on issues beyond those established at the conferences, and respectfully request that Your Honor do so by entering the proposed Case Management Order (Ex. A) and/or by scheduling a prompt case management conference to address the issues raised therein.

Proposed Case Management Order:

The following is a summary description of the issues we believe need to be addressed in order to streamline the process of getting this case ready for trial:

1) Narrowing Issues for Expert Discovery and Trial

Consistent with the decisions Your Honor reached during the prior conferences, Paragraphs 2 through 7 of the enclosed proposed Order would constrain the parties to the





narrowed set of disputed issues identified and agreed upon at the conferences, and preclude redundant expert testimony. In particular:

- Paragraphs 6(b)(i), (ii), and (iii) of the proposed Order identify the disputed issues that were discussed and agreed to regarding infringement, *see* Ex. B, 2/20 Tr. at 54:21-25, 56:1-57:13, 60:14-64:7, 75:11-82:13, 83:5-86:5, 87:4-88:7, 94:14-97:17.

- Paragraphs 5(b)(i), (ii), and (iii) of the proposed Order identify the disputed issues that were discussed and agreed to regarding validity at the April 2 hearing, *see* Ex. C, 4/2 Tr. at 22:3-25:5, 48:2-52:22, 63:9-25, 68:5-10, 77:6-21, 104:1-107:4, 119:23-120:1.

- Paragraph 3 reflects Plaintiffs' agreement to reduce the number of claims from the six patents-in-suit that they intend to assert against Defendants, in light of the above limitations on the disputed issues of infringement and validity. Specifically, Plaintiffs would agree to reduce the number of asserted claims prior to the exchange of initial expert reports from 130 patent claims, as originally asserted, to only 45 patent claims, and to then further reduce the number of asserted claims to only 30 patent claims within 20 days after the completion of expert discovery.[1]

- Paragraph 4 would impose a prohibition against serving redundant expert reports and thereby reduce the cost of expert discovery and avoid needlessly extending the length of the trial by the presentation of duplicative testimony.

2) Case Schedule

The parties have conferred regarding a proposed schedule leading up to trial. Although some of the parties' exchanged respective proposals that are not that far apart, we have been unable to reach complete agreement on a proposed schedule. Plaintiffs propose the following schedule with a trial ready date of January 14, 2015:

---

[1] Plaintiffs respectfully submit that this staged reduction of asserted claims is appropriate so that they can make an informed decision, following expert depositions, as to which patent claims to bring to trial.





| Event | Proposed Date |
|---|---|
| Plaintiffs to serve reduced list of asserted claims | August 29, 2014 |
| Close of fact discovery | September 5, 2014 |
| Opening expert reports | September 18, 2014 |
| Rebuttal expert reports | October 24, 2014 |
| Defendants' reply expert reports | November 14, 2014 |
| Close of expert discovery | December 12, 2014 |
| Trial Ready Date | January 14, 2015[2] |

Please note that Plaintiffs' proposed schedule is contingent on the case being narrowed as described above, and imposition of the prohibition against redundant expert reports, so as not to overburden Plaintiffs in preparing these matters for trial.

3) Consolidation

All parties agree that, in view of the numerous common issues of fact and law concerning the infringement and validity of the asserted patents, these cases should be tried together. With that in mind, Plaintiffs propose that these cases be consolidated pursuant to FED. R. CIV. P. 42(a). Although Defendants have agreed to a joint trial, they oppose consolidation for reasons that are unknown to Plaintiffs. Consolidation is appropriate in order to serve the interests of "judicial economy" and "to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 889 F.2d 1281, 1284-85 (2d Cir. 1990). With twelve separate pending cases, all involving overlapping issues of fact and law, consolidation would streamline these proceedings, conserve judicial resources, and provide for the prompt and efficient resolution of these matters. *See* FED. R. CIV. P. 1.

* * * *

[2] Endo's counsel has a trial in another S.D.N.Y. matter scheduled to begin on February 2, 2015, and counsel for Defendants Impax and ThoRx has advised that they have a trial in another matter scheduled to begin January 5, 2015. Plaintiffs chose the January 14 trial ready date as an effort to reasonably accommodate those two competing obligations, while providing time between the trial and when the statutory 30-month stays on the potential FDA approval of certain of the Defendants' accused products begin to expire in mid-March (*see* 21 U.S.C. § 355(j)(5)(B)(iii)).





In addition to the above case management issues, Endo also wishes to raise the following additional issue for Your Honor's consideration:

Stay of Proceedings Relating to the '482 Patent

The U.S. Patent & Trademark Office (PTO) has granted Amneal's request to institute *Inter Partes* Review (IPR) proceedings with respect to the sole asserted claim of U.S. Patent No. 7,851,482 ('482 patent). Just yesterday, the Court granted Endo's litigation counsel (Dechert LLP) permission to participate in those proceedings (subject to certain specified limitations). (*See, e.g.*, D.I. 65 in the 12-cv-8985 case). The Patent Trial and Appeal Board (PTAB) is scheduled to conduct the oral hearing in that matter on February 6, 2015.

In these cases, there is no dispute that Defendants' accused products infringe the '482 patent, such that the only disputed issue for trial concerning the '482 patent would be the validity of the lone asserted claim from that patent. That is the same issue that will be addressed by the PTAB in the IPR proceedings. If the PTAB invalidates that claim, there would be no reason to try the same issue in this case. Conversely, if this Court were to find that claim to be valid, the PTAB nonetheless could still find the claim to be invalid and thereby effectively render this Court's ruling moot.

In light of those circumstances, Endo respectfully requests that the litigation with respect to the '482 patent be stayed pending the outcome of the IPR. Doing so would avoid having the only disputed issue regarding the '482 patent argued and decided simultaneously in two different forums, and obviate the potential that the Court and the parties will have unnecessarily invested time and resources into trial proceedings that may be rendered pointless depending upon the outcome of the IPR proceedings. As the IPR will proceed even if this Court upholds the validity of the '482 patent,

obviously it makes no sense to hold a trial in this case on the validity of claim 4 of the '482 patent early next year, when the PTAB is about to do so on February 6. Accordingly, Plaintiffs hereby request that this Court use its inherent powers to stay the litigation with respect to the '482 patent. *See Depomed Inc. v. Purdue Pharma L.P.*, CIV.A. 13-571 JAP, 2014 WL 3729349 (D.N.J. 2014) ("the decision to stay a patent case in which the PTAB has granted a request for IPR review rests within the sound discretion of the court").

* * * *

With respect to the possible scheduling of a case management conference to address the issues raised above, we are available on August 25 and August 29, as well as the first week of September..





Thank you in advance for Your Honor's consideration of the above requests.

Respectfully submitted,

Jeffrey Fisher

cc: All Counsel of Record