# Locke
# Lord LLP

Attorneys & Counselors

Three World Financial Center
New York, NY 10281
Telephone  212-415-8600
Fax  212-303-2754
www.lockelord.com

Alan B. Clement
Direct Telephone  212-812-8318
Direct Fax  212-812-8378
aclement@lockelord.com

October 15, 2014

**BY HAND**

Honorable Thomas J. Griesa
United States District Court
Southern District of New York
500 Pearl Street
Room 1630
New York, New York 10007-1312

Re      *Endo Pharmaceuticals Inc. v. Roxane Laboratories, Inc.* (S.D.N.Y. 13-cv-3288)

Dear Hon. Judge Griesa,

Johnson Matthey has requested that the Court hold a Local Rule 37.2 conference (D.I. 95) to resolve what Johnson Matthey has characterized as a discovery dispute.  The Court has already heard that dispute, however, and entered a definitive ruling.   (Ex. 1.)  The current dispute is based on Johnson Matthey's continued refusal to comply with the Court's prior order and only serves to prejudice Roxane's affirmative defenses, as trial is scheduled to begin roughly four months from today.

For nearly five weeks, Roxane has attempted to persuade Johnson Matthey to comply with the Court's order so that no further Court intervention would be necessary.  Unfortunately, Roxane has not been able to convince Johnson Matthey to even produce a complete copy of the Patent Purchase Agreement, let alone the other documents and testimony requested in the Roxane subpoenas.

As the Court will recall, on September 10, 2014, a hearing was held to discuss Johnson Matthey's motion to quash.  Roxane's subpoena requested, among other things, "the entire content of the Patent Purchase Agreement."  As Your Honor correctly recognized and plainly articulated at this hearing, this document transformed the normal commercial relationship Roxane had enjoyed with Johnson Matthey into a patent infringement suit between the new patent owner Endo and Roxane. (Ex. 2 at pg. 16, lns. 21-22, pg. 20, ln. 17-pg. 21 ln. 7.) After a lengthy discussion on the issues, Your Honor denied Johnson Matthey's motion to quash in full and issued an order requiring Johnson Matthey to comply with the subpoenas and comply with this and the other subpoena requests.

October 15, 2014
Page 2

Following the hearing, Roxane contacted counsel for Johnson Matthey to coordinate the production of all documents and things requested in the subpoenas and to schedule the deposition of Johnson Matthey's 30(b)(6) witness   During that teleconference, counsel for Johnson Matthey advised Roxane that Johnson Matthey was concerned with the level of confidentiality the produced documents would receive   Johnson Matthey requested that Roxane keep the documents confidential under the protective order entered in this case, keep the documents on an "Outside Counsel Eyes Only" basis, and not share the documents produced with any other defendant in this case.

In an effort to receive the unredacted PPA on a timely basis from Johnson Matthey, Roxane agreed to those restrictions   Johnson Matthey then, contrary to the Court's order, requested that Roxane consider receiving a still redacted version of the PPA.  Roxane did not agree to that request and advised counsel for Johnson Matthey that the Court was clear that the entire agreement should be produced and that Johnson Matthey's motion to quash had been denied   In other words, Roxane would not agree to receiving anything less than the full and unredacted version of the PPA and expected all other requests to be answered   Roxane agreed to allow Johnson Matthey's counsel two days to confer with her client and provide us with an answer

On September 30, the parties met and conferred once again to discuss the pending production of materials and yet-to-be scheduled deposition   Roxane again confirmed that all materials and things would be kept confidential under the protective order, on an "Outside Counsel Eyes Only" basis, and not shared with other defendants in this case   Upon inquiry about the production of the unredacted PPA, counsel for Johnson Matthey advised that her client was still not going to produce, nor was she given permission to produce, a full and complete version of the document. Roxane reminded counsel for Johnson Matthey that this was contrary to the Court's clear and unequivocal order and that Roxane was entitled to the entire unredacted document   Counsel for Johnson Matthey communicated that she had in her possession a slightly-less redacted version of the document and could send that version to Roxane to see if this version was adequate

In good faith, Roxane reviewed this still-redacted version of the PPA, but advised counsel for Johnson Matthey that receiving less than the full PPA was unacceptable and that Roxane reserved its rights to take further action to ensure that Johnson Matthey complied with the Court's order.  Roxane summarized these statements in a September 30 communication to Johnson Matthey   Once Roxane received and reviewed the redacted PPA, it advised counsel for Johnson Matthey that the document was inadequate as substantial redactions remained   Roxane and Johnson Matthey agreed to confer once again on October 6 to discuss the inadequacies of the redacted document and Johnson Matthey's continued failure to comply with the Court's order

On October 6, 2014, the parties conferenced for a third time, and Roxane again requested Johnson Matthey to provide what the Court ordered, a full and complete copy of the PPA

Instead of complying with the Court's order, counsel for Johnson Matthey repeatedly questioned Roxane on the relevancy of the PPA, raising the same arguments that this Court rejected in denying Johnson Matthey's motion to quash. (Ex  2 at 2-3.)  Roxane reminded counsel for Johnson Matthey that the Court's order was clear and any purported relevancy arguments had

2

October 15, 2014
Page 3

already been raised and ruled upon   Following this "meet and confer," counsel for Johnson Matthey contacted Roxane and expressed its intention not to comply with the Court's order. "[a]fter conferring with my client following the 'meet and confer' this morning, we have decided not to disclose the redacted portions of the PPA at this time "

Roxane's subpoena request for this document was clear  Likewise, Your Honor's order was clear and unequivocal and any purported relevancy arguments have already been raised and ruled upon

Although Roxane does not believe the Court's order was ambiguous, Roxane is more than willing to conference with the Court to discuss this matter in the event that a conference might persuade Johnson Matthey to comply with the subpoenas and this Court's prior order and end these unjustified and prejudicial delays.

At the conclusion of this conference, Roxane respectfully requests that this Court order that 1) Johnson Matthey immediately produce the full and unredacted PPA with the exception of the "Seller's Wire Instructions" located in Section 7 4 on page 22 of the PPA, 2) Johnson Matthey produce all other documents and things requested in the Roxane subpoena within one (1) week of this order; and 3) Johnson Matthey produce a witness within three (3) weeks of this Court's order.

Roxane also respectfully requests that the Court schedule this conference on October 20, 2014, given that Johnson Matthey has not produced one document or thing requested in the Roxane subpoena nor provided even the name of their corporate witness  With trial scheduled to begin in March and expert reports and final contentions set to be exchanged in the coming weeks, Roxane is being prejudiced by this ongoing delay and continued recalcitrance by Johnson Matthey.

Respectfully submitted,

LOCKE LORD LLP

Alan B. Clement

3

October 15, 2014
Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2014, I served the foregoing letter with attachments dated October 15, 2014 by causing a copy of the same to be delivered via ECF and email to:

Suzan Jo                                              sjo@duanemorris.com
Duane Morris LLP
1540 Broadway
New York, New York
10036-4086
(212) 692-1088

*Attorney for*
*Johnson Matthey Inc.*

Joshua I. Sherman                          joshua.sherman@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036

Martin J. Black                                martin.black@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

Jonathan Loeb                               jonathan.loeb@dechert.com
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040

Robert D. Rhoad                            robert.rhoad@dechert.com
DECHERT LLP
902 Carnegie Center
Suite 500
Princeton, NJ 08540

*Attorneys for Plaintiff*
*Endo Pharmaceuticals, Inc*

Dated: October 15, 2014                      By: _____
                                             Wasim K. Bleibel

4