IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS, LLC and AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, <br><br> Defendants. | C.A. No. 12-cv-8115-TPG-GWG <br><br> FILED UNDER SEAL |
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., and BARR LABORATORIES, INC., <br><br> Defendants. | C.A. No. 12-cv-8060-TPG-GWG |
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> IMPAX LABORATORIES, INC. and THORX LABORATORIES, INC., <br><br> Defendants. | C.A. No. 12-cv-8317-TPG-GWG |

| | |
|---|---|
| ENDO PHARMACEUTICALS INC. and GRÜNENTHAL GMBH, <br><br>    Plaintiffs, <br><br>    v. <br><br>IMPAX LABORATORIES, INC., <br><br>    Defendants. | C.A. No. 13-cv-435-TPG-GWG |
| ENDO PHARMACEUTICALS INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>PAR PHARMACEUTICAL COMPANIES, INC. and PAR PHARMACEUTICAL, INC., <br><br>    Defendants. | C.A. No. 13-cv-3284-TPG-GWG |
| ENDO PHARMACEUTICALS INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>ROXANE LABORATORIES, INC., <br><br>    Defendants. | C.A. No. 13-cv-3288-TPG-GWG |

| ENDO PHARMACEUTICALS INC., Plaintiffs, v. RANBAXY LABORATORIES LTD., RANBAXY INC., AND RANBAXY PHARMACEUTICALS INC., Defendants. | C.A. No. 13-cv-4343-TPG-GWG<br><br>C.A. No. 13-cv-8597-TPG-GWG |
|---|---|

**DEFENDANTS' STATEMENT OF THE ELEMENTS AND FACTS REGARDING THE ON-SALE BAR UNDER 35 U.S.C. § 102(b)**

# TABLE OF CONTENTS

I. Introduction..........................................................................................................1

II. Elements and Facts for the On-Sale Bar..............................................................1

III. Conclusion ...........................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*August Tech. Corp. v. Camtek, Ltd.*,
  655 F.3d 1278 (Fed. Cir. 2011) ............................................................................. 3

*BarmagBarmerMaschinefabrik AG v. Murata Mach., Ltd.*,
  731 F.2d 831 (Fed. Cir. 1984) ............................................................................... 1

*Continental Plastic Containers v. Owens Brockway Plastic Prods.*,
  141 F.3d 1073 (Fed. Cir. 1998) ............................................................................. 3

*Cooper v. Goldfarb*,
  154 F.3d 1321 (Fed. Cir. 1998) ............................................................................. 3

*Estee Lauder Inc. v. L'Oreal, S.A.*,
  129 F.3d 588 (Fed. Cir. 1997) ........................................................................... 3, 4

*General Electric Co. v. United States*,
  654 F.2d 55 (Ct. Cl. 1981) .................................................................................... 1

*Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc.*,
  726 F.3d 1370 (Fed. Cir. 2013) ............................................................................. 2

*In re Caveney*,
  761 F.2d 671 (Fed. Cir. 1985) ............................................................................... 1

*Pfaff v. Wells Elecs., Inc.*,
  525 U.S. 55 (1998) ............................................................................................ 1, 3

*Scaltech, Inc. v. Retec/Tetra, L.L.C.*,
  178 F.3d 1378 (Fed. Cir. 1999) ............................................................................. 3

*Slip Track Sys., Inc. v. Metal-Lite, Inc.*,
  304 F.3d 1256 (Fed. Cir. 2002) ............................................................................. 3

*Sparton Corp. v. United States*,
  399 F.3d 1321 (Fed. Cir. 2005) ............................................................................. 3

*Special Devices, Inc. v. OEA, Inc.*,
  270 F.3d 1353 (Fed. Cir. 2001) ............................................................................. 2

*Tec Air, Inc. v. Denso Mfg. Michigan, Inc.*,
  192 F.3d 1353 (Fed. Cir. 1999) ............................................................................. 2

*U.S. Envtl. Prods. Inc. v. Westall*,
  911 F.2d 713 (Fed. Cir. 1990) .................................................................................2

**Statutes**

*Leahy-Smith America Invents Act*, Pub. L. No. 112-29, 125 Stat. 284 (2011). ................................1

35 U.S.C. § 102(b) ................................................................................................1, 4

## I. Introduction

■■■

■ Undersection 102(b), a person is not entitled to a patent if the invention was "on sale in this country, more than one year prior to the date of application for patent in the United States." In other words, a patentee has a one-year "grace period" to file a patent application from the time that the invention is deemed to be on sale under section 102(b). A patent claim is invalid under the on-sale bar if two conditions are met more than one year before the effective filing date: (i) the subject matter of the claim was the subject of a commercial offer for sale not for primarily experimental purposes, and (ii) the claimed invention was ready for patenting. *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 67-68 (1998); 35 U.S.C. § 102(b).

The on-sale bar furthers a number of policies, including: (1) "favoring prompt and widespread disclosure of new inventions to the public," and (2) prohibiting an inventor from exploiting the exclusivity of his invention beyond the statutorily authorized period. *General Electric Co. v. United States*, 654 F.2d 55, 61 (Ct. Cl. 1981).

## II. Elements and Facts for the On-Sale Bar

■■■

Whether an invention is on sale under 35 U.S.C. § 102(b) is a question of law. *BarmagBarmerMaschinefabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836-37 (Fed. Cir. 1984). "[A] sale is a contract between parties to give and to pass rights of property for consideration which the buyer pays or promises to pay the seller." *In re Caveney*, 761 F.2d 671,

■■■

676 (Fed. Cir. 1985).An invention is on sale under the on-sale bar if the thing bought or sold meets every limitation of the asserted claim. *See Tec Air, Inc. v. Denso Mfg. Michigan, Inc.*, 192 F.3d 1353, 1358 (Fed. Cir. 1999).

There is no "supplier exception" to the on-sale bar; the on-sale bar applies when anyone — inventor, supplier, or other third party — places the invention "on sale" before the critical date. *Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc.*, 726 F.3d 1370, 1375 (Fed. Cir. 2013); s*ee also Special Devices, Inc. v. OEA, Inc.*, 270 F.3d 1353, 1355 (Fed. Cir. 2001). "It is of no consequence that the 'commercial offer for sale' at issue in this case was made by [Plaintiff's] own supplier and was made to [Plaintiff] itself." *Hamilton Beach*, 726 F.3d at 1375. Moreover, "[a]n actual sale is not required for the activity to be an invalidating commercial offer for sale." *Id.* at 1374. Rather, "[a]n attempt to sell is sufficient so long as it is sufficiently definite that another party could make a binding contract by simple acceptance." *Id.*"Once a defendant demonstrates a *prima facie* case of on-sale . . . , the patent holder must come forward with convincing evidence to counter that showing." *U.S. Envtl. Prods. Inc. v. Westall*, 911 F.2d 713, 716 (Fed. Cir. 1990).

[redacted]

- ███████████████████████████████████████████
- ███████████████████████████████████████████

███████████████████████████████████████████ *See Scaltech, Inc. v. Retec/Tetra, L.L.C.*, 178 F.3d 1378, 1384 n.1 (Fed. Cir. 1999). After an invention is reduced to practice, however, further testing will not qualify as experimental use for purposes of negating the on-sale bar. *See Continental Plastic Containers v. Owens Brockway Plastic Prods.*, 141 F.3d 1073, 1079 (Fed. Cir. 1998).

███████████████████████████████████████████

An invention is "ready for patenting" if it is enabled or reduced to practice before the critical date. *Pfaff*, 525 U.S. at 67. The "ready for patenting requirement" can be met after the offer for sale, so long as it is metbefore the critical date ███████████████. *See August Tech. Corp. v. Camtek, Ltd.*, 655 F.3d 1278, 1288-89 (Fed. Cir. 2011). Reduction to practice is one way an invention may satisfy the ready for patenting condition. *SeeSparton Corp. v. United States*, 399 F.3d 1321, 1323 (Fed. Cir. 2005). "A composition of matter is reduced to practice when it is completely composed." *Pfaff*, 525 U.S. at 69 n.2. To demonstrate reduction to practice, a party must prove that the inventor both (1) "constructed an embodiment or performed a process that met all the limitations [of the claim]"; and (2) "determined that the invention would work for its intended purpose." *Cooper v. Goldfarb*, 154 F.3d 1321, 1327 (Fed. Cir. 1998). A party may prove reduction to practice through any relevant evidence, including (1) expert testimony regarding what an inventor should have known, *Slip Track Sys., Inc. v. Metal-*

*Lite, Inc.*, 304 F.3d 1256, 1267 (Fed. Cir. 2002), (2) an inventor's knowledge of test results, *Estee Lauder Inc. v. L'Oreal, S.A.*, 129 F.3d 588, 593 (Fed. Cir. 1997), or (3) documentary evidence demonstrating an inventor's knowledge, *id.* at 1269.



However, the "utility requirement is satisfied when an inventor has learned enough about the product to justify the conclusion that it is useful for a specific purpose." *Estee Lauder*, 129 F.3d at 593.

### III. Conclusion

Dated: March 11, 2015

/s/ H. Keeto Sabharwal
H. Keeto Sabharwal
Paul A. Ainsworth (*admitted pro hac vice*)
Uma N. Everett (*admitted pro hac vice*)
Dennies Varughese (*admitted pro hac vice*)
Rami Bardenstein
Andrew M. Nason (*admitted pro hac vice*)
Krishan Y. Thakker
Brett E. Howard
**STERNE, KESSLER, GOLDSTEIN & FOX PLLC**
1100 New York Avenue, NW
Washington, DC 20005
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
keetos@skgf.com
painsworth@skgf.com
ueverett@skgf.com
dvarughe@skgf.com
rbardenstein@skgf.com
anason@skgf.com
kthakker@skgf.com
bhoward@skgf.com

*Attorneys for Defendants Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals of New York, LLC*

/s/ Alan B. Clement
Alan B. Clement
Paul Sudentas
**LOCKE LORD LLP**
3 World Financial Center
New York, NY 10281

Scott B. Feder
Keith D. Parr
Myoka Kim Goodin
Amanda K. Kelly
Wasim K. Bleibel
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, IL 60606

*Attorneys for Defendant Roxane Laboratories, Inc.*

_[signature]_  
Elizabeth Holland  
Huiya Wu  
Daniel P. Margolis  
Brian J. Robinson  
**GOODWIN PROCTER LLP**  
The New York Times Building  
New York, NY 10018-1405  
Tel: (212) 459-7287  
Fax: (212) 355-3333  
eholland@goodwinprocter.com  
hwu@goodwinprocter.com  
dmargolis@goodwinprocter.com  
brobinson@goodwinprocter.com  

*Attorneys for Defendants*  
*Teva Pharmaceuticals USA, Inc., and*  
*Barr Laboratories, Inc.*

_[signature]_  
Scott R. Samay  
Anna Lamut  
**WINSTON & STRAWN LLP**  
200 Park Avenue  
New York, NY 10166  
(212) 294-6700  
ssamay@winston.com  
alamut@winston.com  

Maureen L. Rurka  
Kevin Warner  
**WINSTON & STRAWN LLP**  
35 West Wacker Drive  
Chicago, IL 60601  
(312) 558-5600  
mrurka@winston.com  
kwarner@winston.com  

*Attorneys for Defendants Impax*  
*Laboratories, Inc. and ThoRx*  
*Laboratories, Inc.*

_[signature]_
David N. Wynn
**ARENT FOX LLP**
1675 Broadway
New York, NY 10019
Tel: (212) 484-3900
wynn.david@arentfox.com

Richard J. Berman
Janine A. Carlan
Aziz Burgy
Taniel E. Anderson
Stephen Yang
**ARENT FOX LLP**
1717 K Street, NW
Washington, DC 20036-5342
Tel: (202) 857-6000
richard.berman@arentfox.com
janine.carlan@arentfox.com
aziz.burgy@arentfox.com
anderson.taniel@arentfox.com
stephen.yang@arentfox.com

*Attorneys for Defendants Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc.*

_[signature]_
Gregory J. Fleesler
Shari A. Alexander
**MOSES & SINGER LLP**
405 Lexington Avenue
New York, NY 10174-1299
(212) 554-7800
gfleesler@mosessinger.com
salexander@mosessinger.com

William R. Zimmerman
Andrea L. Cheek
**KNOBBE, MARTENS, OLSON & BEAR LLP**
1717 Pennsylvania Avenue, Suite 900
Washington, DC 20006
(202) 640-6400
bill.zimmerman@knobbe.com
andrea.cheek@knobbe.com

Carol Pitzel Cruz
**KNOBBE, MARTENS, OLSON & BEAR LLP**
925 Fourth Ave, Suite 2500
Seattle, WA 98104
206 405-2000
2cmp@kmob.com

*Attorneys for Defendants Ranbaxy Laboratories, LTD., Ranbaxy Inc., and Ranbaxy Pharmaceuticals, Inc.*

# CERTIFICATE OF SERVICE

I, Shari Alexander, hereby certify that on March 11, 2015, a true and correct copy of **Defendants' Statement of the Elements and Facts Regarding the On-Sale Bar Under 35 U.S.C. § 102(b)** was electronically served by email upon the following counsel:

Jonathan D. Loeb, Esq.
Jonathan.Loeb@dechert.com
Dechert LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040

Robert D. Rhoad, Esq.
Robert.Rhoad@dechert.com
Dechert LLP
Suite 500
902 Carnegie Center
Princeton, NJ 08540-6531

Sharon K. Gagliardi, Esq.
Sharon.Gagliardi@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

*Attorneys for Plaintiff
Endo Pharmaceuticals Inc.*

Basil J. Lewris
Joann M. Neth
Jennifer H. Roscetti
FINNEGAN, HENDERSON, FARRABOW, GARRETT & DUNNER LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 408-4000
bill.lewris@finnegan.com
joann.neth@finnegan.com
jennifer.roscetti@finnegan.com

Anthony C. Tridico
Finnegan Europe LLP
16 Old Bailey, London EC4M 7EG, United Kingdom
anthony.tridico@finnegan.com

*Attorneys for Plaintiff Grünenthal GMBH*

/s/ Shari Alexander