**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDO PHARMACEUTICALS INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROXANE LABORATORIES, INC.,<br><br>Defendant. | Case No. 13-cv-3288-TPG<br><br>**ECF VERSION**<br>**REDACTED** |

**ROXANE'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE ROXANE FROM CALLING THOMAS RAYSKI AT TRIAL AND TO QUASH THE TRIAL SUBPOENA SERVED UPON HIM**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ....................................................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT.........................................................................................................................4

CONCLUSION......................................................................................................................6

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Gould Inc. v. Mitsui Mining & Smelting Co.*,
825 F.2d 676 (2d Cir. 1987) .......... 5

*Pamida, Inc. v. E.S. Originals, Inc.*,
281 F.3d 726 (8th Cir. 2002) .......... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6) .......... 1, 4

## INTRODUCTION

The Court should deny Endo's motion *in limine* to preclude the testimony of Thomas Rayski. As Roxane spells out in this opposition, Rayski was a central actor in the negotiations of the patent purchase agreement ("PPA") between Endo and Johnson Matthey that form the heart of the allegations of unclean hands. Where, as here, Mr. Rayski was the transactional attorney who was involved in orchestrating the amendment of Roxane's supply agreement and the purchase of the '482 patent, and is not acting as litigation counsel in this case, there is no legitimate basis for precluding Rayski from testifying. Endo accordingly may not hide behind Rayski's attorney status to prevent its nefarious scheme from coming to light.

## BACKGROUND

As the Court is aware, a principal element of Roxane's unclean-hands defense is Endo's improper interference with Roxane's supply contract to obtain active pharmaceutical ingredient ("API") from Johnson Matthey. (Ex. 1.) That interference culminated in an amended supply agreement that restricted Roxane's use of API purchased from Johnson Matthey. (Ex. 2.) As a result of this interference, Endo obtained the '482 patent from Johnson Matthey. (Ex. 3.)

The Roxane-Johnson Matthey supply agreement was supposed to be confidential. (Ex. 1 at § 10; Ex. 4; [REDACTED]) But through discovery, Roxane learned [REDACTED]

[redacted]

But Endo and Johnson Matthey faced another hurdle:

## ARGUMENT

The Court should deny Endo's motion *in limine* because Rayski's testimony will assist the trier of fact in

[redacted] No other single witness that we are aware of has the full knowledge that Rayski has, and thus his testimony would benefit the trier of fact.

The general reluctance to compel opposing attorneys' testimony is based on a desire to protect against the disclosure of litigation strategy. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002). But the general disfavor in seeking testimony from opposing counsel "is not a talisman for the resolution of all controversies of this nature." *Gould Inc. v. Mitsui Mining & Smelting Co.*, 825 F.2d 676, 680 n.2 (2d Cir. 1987). The rationale behind the practice should not apply here, where Rayski is not litigation counsel so there is no danger of revealing protected work product, the testimony goes to his involvement in a completed scheme that preceded the filing of this lawsuit, and Rayski has unique knowledge of facts that are highly relevant to Roxane's unclean-hands case. *See Pamida*, 281 F.3d at 731 (noting circumstances where concerns about compelling attorney testimony are not implicated). Of course, if any questioning at trial might risk leading to answers that reveal Endo's litigation strategy, Endo can raise any objection at that time instead of the Court foreclosing Rayski's testimony altogether *in limine*.

If Endo would stipulate that it had knowledge [redacted] If Endo is unwilling to stipulate to those facts, Rayski's testimony should not be lengthy.

Roxane has placed Rayski on its "may call" list, not its will call list. There should be sufficient time before Rayski may be called to allow Endo time to decide whether it would prefer

to stipulate [redacted]

**CONCLUSION**

For all the above reasons, the Court should deny Endo's motion *in limine*.

Dated: March 13, 2015

By: ______________________

Alan B. Clement
Paul Sudentas
**LOCKE LORD LLP**
3 World Financial Center
New York, New York 10281
(212) 415-8600

OF COUNSEL

Keith D. Parr
Scott B. Feder
Myoka Kim Goodin
Amanda K. Kelly
Wasim K. Bleibel
**LOCKE LORD LLP**
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0700

*Attorneys for Defendant Roxane Laboratories, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2015, I served the foregoing ROXANE'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ROXANE FROM CALLING THOMAS RAYSKI AT TRIAL AND TO QUASH THE TRIAL SUBPOENA SERVED UPON HIM and declaration with exhibits in support thereof, by causing a copy of the same to be delivered via email to:

Martin J. Black
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
martin.black@dechert.com

Jonathon Loeb
DECHERT LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040
jonathan.loeb@dechert.com

Robert D. Rhoad
DECHERT LLP
902 Carnegie Center
Suite 500
Princeton, NJ 08540
robert.rhoad@dechert.com

Wasim K Bleibel