UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x

ENDO PHARMACEUTICALS INC.,

         Plaintiff,

         – against –

ROXANE LABORATORIES, INC.,

         Defendant.

------------------------------------------------x

13-CV-3288 (TPG)

**OPINION**

    Plaintiff in this patent infringement action moves to strike defendant's affirmative defense of unclean hands. For the following reasons, plaintiff's motion to strike will be denied.

    On May 15, 2013, plaintiff sued defendant for patent infringement, claiming defendant infringed on three of its patents, United States Patent numbers 8,309,122 ("the '122 patent"); 8,329,216 ("the '216 patent"); and 7,851,482 ("the '482 patent"), by applying to market a generic oxymorphone hydrochloride product. Defendant filed its answer to the complaint shortly thereafter.

    On June 23, 2014 defendant filed a motion for leave to amend its answer to add three new affirmative defenses: (1) an affirmative defense of express license; (2) an affirmative defense of implied license; and (3) an affirmative defense of unclean hands. The court granted leave to amend solely with regard to the defense of unclean hands, noting that "Plaintiff does not oppose this amendment." Opinion of Nov. 14, 2014 at 7.

Although plaintiff did not initially oppose the unclean hands defense, it has now filed the instant motion to strike, arguing that it did not learn of the basis for the defense until the hearing of January 23, 2015. *See* Pls'. Mem. Supp. Mot. Strike Aff. Def. Unclean Hands at 7.

Federal Rule of Civil Procedure 12(f) provides that the court may strike a pleading on its own initiative, or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Plaintiff was served with defendant's amended answer on November 21, 2014. *See* Cert. Serv., Roxane's Am. Answer and Affirmative Defenses at 17. Plaintiff responded to the answer on December 8, 2014. *See* Dkt. # 102. Plaintiff filed its motion to strike the defense of unclean hands on February 26, 2015, just weeks before the scheduled start of trial. *See* Dkt. 110.

By filing its motion to strike after responding to the amended answer, plaintiff failed to observe Federal Rule of Civil Procedure 12(f)(2). Moreover, plaintiff's delay of three months far exceeded the timeframe contemplated in Rule 12(f)(2).

Plaintiff repeatedly asserts that it did not learn of the basis for defendant's unclean hands defense until January of this year. *See* Pls'. Mem. L. Supp. Mot. Strike at 5–6. However, defendant fully explained its reasons for asserting the defense in 2014, in its brief in support of its motion to amend. *See* Defs.' Mem. L. Mot. Am. (Dkt. 68) at 3, 13–16. In

responding to the motion to amend, plaintiff expressly consented to the defense, stating: "As Endo has previously conveyed to Roxane, it does not dispute Roxane's proposed amendment insofar as it asserts a new unclean hands defense, and hence, Endo does not oppose Roxane's motion solely with respect to that defense." Pls'. Mem. L. Opp. Mot. Am. (Dkt. 71) at 1.

The court would deny the motion to strike even if it were not untimely, and even if plaintiff had not already assented to the unclean hands defense. By seeking an injunction against defendant, plaintiff comes to the court *in equity*. Defendant has raised concerns that plaintiff inequitably interfered with a supply agreement between defendant and another entity. The defense of unclean hands deserves to be tried on the merits.

Plaintiff's motion to strike Roxane's affirmative defense of unclean hands is hereby denied. This opinion resolves the item listed as document number 110 in this case.

SO ORDERED.

Dated: New York, New York
March 19, 2015

Thomas P. Griesa
U.S. District Judge