| | **DuaneMorris®** | |
|---|---|---|
| NEW YORK | | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | SUZAN JO | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1088 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 212 214 0924 | CHERRY HILL |
| SHANGHAI | *E-MAIL:* sjo@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | *www.duanemorris.com* | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

March 30, 2015

**VIA ECF AND HAND**

The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York  10007-1312

      Re:    ***Endo Pharmaceuticals. Inc. v. Roxane Laboratories Inc.***
              **Case No. 13-cv-3288 (TPG)**

Dear Judge Griesa:

      The law firm of Duane Morris LLP represents Johnson Matthey Inc. ("JMI") who, as the Court may recall, was the recipient of a third party Subpoena from Roxane Laboratories Inc. ("Roxane") for documents and a Rule 30(b)(6) deposition related to the sale of a patent (the "482 Patent") by JMI to Endo Pharmaceuticals Inc. ("Endo").  In compliance with the Subpoena, JMI produced documents and made available a corporate designee, Mr. Joonmoo Lee, for deposition under a protective order making the documents and deposition confidential and "for outside counsel eyes only."

      We are in receipt of Roxane's letter dated March 27, 2015, purporting to give JMI notice of Roxane's intent to use confidential JMI documents and testimony in open court during the trial of the above-referenced action.  For the following reasons, JMI respectfully requests that the Court disallow the use of the documents produced by JMI and any portion of Mr. Lee's deposition testimony during the trial at least for the time being.

      Firstly, based on publicly available information, it is our understanding that the 482 Patent is no longer at issue in the case.  Therefore, any documents or testimony provided by JMI - all of which relate to the sale of the 482 Patent - are wholly irrelevant to the remaining case.

**D**uane**M**orris

Honorable Thomas P. Griesa
March 30, 2015
Page 2

    JMI also objects to the use of confidential JMI documents and testimony because Roxane's March 27 letter provides JMI with insufficient notice. JMI is not a party to the action and is unaware of the status of the case (i.e., procedurally and substantively) before Your Honor. While Roxane's letter indicates that a trial is underway, it fails to inform JMI of the specific JMI documents and the portions of the JMI deposition testimony that Roxane intends to use at trial. For all we know, Roxane may have provided notice on Friday afternoon for documents and/or testimony it intends to introduce into evidence at trial today.

    Without sufficient notice, it is impossible for JMI to make an informed decision regarding the use of its documents and testimony in open court. Hence, to protect the confidentiality of this sensitive information, JMI respectfully requests that none of the documents it produced in response to the subpoena (*i.e.*, documents Bates Stamp numbers JMI_ROXANE 000001 to JMI_ROXANE 002803) or any portion of the deposition of Joonmoo Lee be permitted to be used at trial.

    Based on the foregoing, JMI respectfully requests that this Court prohibit Roxane (or any other party) from using any JMI document or JMI testimony at trial without first identifying the specific document(s) and/or testimony, and providing JMI a reasonable amount of time within which to object to their use in open court.

Very truly yours,

Suzan Jo

DM1\5517472.1