

Three World Financial Center
New York, NY 10281
Telephone:  212-415-8600
Fax:  212-303-2754
www.lockelord.com

Alan B. Clement
Direct Telephone:  212-812-8318
Direct Fax:  212-812-8378
aclement@lockelord.com

April 2, 2015

**VIA ECF**

The Honorable Thomas P. Griesa
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York
10007-1312

Re:    *Endo Pharmaceuticals Inc. v. Roxane Laboratories, Inc.*, Case No. 13-cv-3288-TPG

Dear Judge Griesa:

Defendant Roxane Laboratories, Inc., writes in response to Johnson Matthey's letter seeking to prohibit Roxane from using Johnson Matthey documents and testimony in open court (D.I. 159).  For the following reasons, Roxane respectfully requests that the Court deny Johnson Matthey's request.

Roxane intends to introduce at trial the videotape deposition of Johnson Matthey's Rule 30(b)(6) witness, Joonmoo Lee and the exhibits marked at his deposition.  Johnson Matthey's attorney, Ms. Jo, was present at that deposition and has heard the testimony and seen the documents so she is fully aware of the scope of Johnson Matthey's testimony and documents that Roxane intends to introduce at trial.

Endo on several occasions has raised the issue that Johnson Matthey is now seeking to resurrect: that "the '482 patent is no longer at issue in the case." (D.I. 160).  Even though Endo has stipulated that the '482 patent is invalid in an attempt to remove it from the case, the Court has ruled: "Roxane's defense of unclean hands deserves to be tried on the merits." (D.I. 153.)

Roxane believes it should be able to present the unclean hands evidence that it obtained during discovery in an open courtroom.  Open courtrooms have long been a fundamental feature of the American judicial system.  *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983).  "[C]ourt records often provide important, sometimes the only, bases or explanations for a court's decision."  *Id.*  Civil cases, "involve issues crucial to the public—for example, discrimination, voting rights, antitrust issues, government regulation, bankruptcy, etc." *Id.* at 1179; *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980) (stating that "historically both civil and criminal trials have been presumptively open.")  Secrecy

April 2, 2015
Page 2

only serves to "insulate[] the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Brown & Williamson Tobacco Corp*, 710 F.2d at 1179.

Public access to civil proceedings is favored in the Second Circuit. "[T]he First Amendment…secure[s] to the public and to the press a right of access to civil proceedings." *Huminski v. Corsones*, 396 F.3d 53, 82 (2d Cir. 2005) (*quoting Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984)). This openness helps "foster the appearance of fairness." *Id.* (*citing Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606 (1982)). And thereby "boosts community trust in the administration of justice…." *Id.* (*quoting Brown v. Artuz*, 283 F.3d 492, 498-99 (2d Cir. 2002). Documents produced under a protective order and marked confidential for production do not require closed proceedings. *See Barr Laboratories, Inc. v. KOS Pharmaceuticals, Inc.*, 362 F. Supp. 2d 421, 424 (S.D.N.Y. 2005) (stating that a protective order sealing the parties' written submissions, "does not imply that the hearing on those submissions should be closed.")

Johnson Matthey has not even attempted to argue that the Joonmoo Lee testimony and documents marked at his Rule 30(b)(6) deposition constitute trade secrets such as a formula, customer list, or the like. The reason that neither Johnson Matthey nor Endo has advanced such an argument is because there are no trade secrets, and the real reason Johnson Matthey wants to keep the information secret is to continue to conceal the evidence that Roxane has obtained in support of its unclean hands defense. *Brown & Williamson Tobacco Corp*, 710 F.2d at 1179.

Finally, because the relief Endo is seeking in this case against Roxane is equitable in nature, one of the factors the Court will consider is the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). In view of the public interest factor it is important that the trial be conducted in a manner that secures to the public their right of access to the evidence on which this Court will ultimately base its decision.

For the foregoing reasons, Roxane respectfully requests that the Court allow Roxane to introduce in open court at trial the videotape deposition of Johnson Matthey's 30(b)(6) witness, Joonmoo Lee, and the exhibits that were marked at his deposition.

Respectfully submitted,

/s/ Alan B. Clement

Alan B. Clement


CC:     Suzan Jo, Esq.

        Counsel of Record