| | | |
|---|---|---|
| NEW YORK |  **DuaneMorris®** | ATLANTA |
| LONDON | | BALTIMORE |
| SINGAPORE | | WILMINGTON |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | MIAMI |
| CHICAGO | | BOCA RATON |
| WASHINGTON, DC | | PITTSBURGH |
| SAN FRANCISCO | SUZAN JO | NEWARK |
| SILICON VALLEY | DIRECT DIAL: +1 212 692 1088 | LAS VEGAS |
| SAN DIEGO | PERSONAL FAX: +1 212 214 0924 | CHERRY HILL |
| SHANGHAI | *E-MAIL:* sjo@duanemorris.com | LAKE TAHOE |
| BOSTON | | MYANMAR |
| HOUSTON | *www.duanemorris.com* | OMAN |
| LOS ANGELES | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | MEXICO CITY |
| | | ALLIANCE WITH |
| | | MIRANDA & ESTAVILLO |
| | | SRI LANKA |
| | | ALLIANCE WITH |
| | | GOWERS INTERNATIONAL |

April 15, 2015

**VIA ECF**

The Honorable Thomas P. Griesa
United States District Court - Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Room 1630
New York NY 10007-1312

      Re:    <u>**Endo Pharma. Inc. v. Roxane Labs, Inc.**</u>
              **Case No. 13-cv-03288-TPG**

Dear Judge Griesa:

      The law firm of Duane Morris LLP represents third-party subpoena recipient, Johnson Matthey, Inc. ("JMI"). On March 31, 2015, we wrote to the Court objecting to the use at trial of documents produced by JMI to defendant Roxane Laboratories, Inc. ("Roxane") and the deposition excerpts of JMI's 30(b)(6) designee, Mr. Joonmoo Lee.

      Since our March 31 letter, we have been in communications with counsel for Roxane to try to resolve the issue. To this end, we asked Roxane's counsel to provide us with their document and deposition designations. By e-mail on April 14, 2015, counsel for Roxane provided us with the requested exhibits and deposition excerpts and notified us that the JMI documents and deposition could be presented at trial "as early as Friday, April 17, 2015."

      The documents and deposition produced by JMI in response to the subpoena are protected by the Protective Order entered by this Court on October 11, 2013 (D.E. 33), and at Roxane's request amended on January 20, 2015 (D.E. 104). The JMI documents are designated

---

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086          PHONE: +1 212 692 1000   FAX: +1 212 692 1020

"Confidential – Pursuant to Protective Order" and "Outside Counsel Eyes Only";[1] the deposition transcript is marked "Highly Confidential – Attorneys' Eyes Only". Roxane's counsel agreed to the designations.[2]

Thus, the JMI documents and deposition transcript are protected under the terms of the Protective Order, as amended, and without objection by Roxane's counsel. Now, however, Roxane plans to submit these documents and transcript excerpts into the public record without regard to the agreed designation of "Highly Confidential." JMI is a third-party to the underlying case and has been dragged into the fray– at great expense to itself – and is now at the risk of having confidential business records, which are irrelevant to the remaining issues in the underlying litigation, being disclosed in open court and becoming part of the public record. Additionally, in-house counsel for Roxane and other defendants (who, themselves, are current and potential customers of JMI for a variety of unrelated products and services) will likely be in attendance at the trial. Thus, the very people whose access to the JMI documents and deposition have been restricted by the Protective Order, will be given full access to the protected documents and depositions, rendering the Protective Order meaningless.

While JMI is not in a position to understand the relevance of the designated evidence, JMI does not object to Roxane's use of the designated documents and deposition in the trial of the underlying matter. JMI, however, respectfully requests that the Court take adequate steps to protect the confidentiality of JMI's business records and not allow them to be disclosed to the other defendants in the case or to Roxane itself in violation of the terms of the Protective Order, as amended. In this regard, we respectfully request that the Court receive JMI documents and deposition excerpts "in camera" and not in open court and seal those parts of the trial transcripts that refer to the contents of the JMI documents and deposition.

We thank the Court for its consideration of this matter.

Very truly yours,

Suzan Jo

---

[1] At Roxane's request, JMI agreed to allow Roxane's counsel to discuss the contents of the JMI documents with certain specifically-named Roxane in-house counsel, but such in-house counsel are not permitted to be shown the JMI documents.

[2] In fact, it was Roxane's counsel, Mr. Keith Parr, who put on the record during Mr. Lee's deposition that "this [deposition] is highly confidential and attorneys' eyes only, subject to the agreement of the counsel present today." (Lee Depo. 63:18-23)

The Honorable Thomas P. Griesa
April 15, 2015
Page 3

cc:    Alan B. Clement, Esq. (*via ECF*)
        Robert D. Rhoad, Esq. (*via ECF*)
        Keith D. Parr, Esq. (*via ECF*)