UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
ENDO PHARMACEUTICALS INC. and
GRÜNENTHAL GMBH,
                              Plaintiffs,

              -v-

AMNEAL PHARMACEUTICALS, LLC
and AMNEAL PHARMACEUTICALS
OF NEW YORK, LLC,
                              Defendants.
———————————————————————
ENDO PHARMACEUTICALS INC.,
                              Plaintiff,

              -v-

ROXANE LABORATORIES, INC.,
                              Defendant.
———————————————————————

12-CV-8115 (JPO)

13-CV-3288 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

After judgment was entered in favor of Plaintiff Endo Pharmaceuticals Inc. ("Endo") in these two patent cases, Endo sought to recover $48,123.83 in costs from Defendants Amneal Pharmaceuticals, LLC and Amneal Pharmaceuticals of New York, LLC (together, "Amneal") and $61,379.09 in costs from Defendant Roxane Laboratories, Inc. ("Roxane"). (No. 12 Civ. 8115 ("*Amneal*"), Dkt. No. 189-1 at 1; No. 13 Civ. 3288 ("*Roxane*"), Dkt. No. 244-1 at 1.) But the Clerk of Court awarded Endo only part of what it had asked for, taxing $7,759.03 in costs against Amneal and $13,676.33 in costs against Roxane. (*Amneal*, Dkt. No. 192 at 1; *Roxane*, Dkt. No. 247 at 1.) Endo now moves to appeal these decisions. (*Amneal*, Dkt. No. 195; *Roxane*, Dkt. No. 250.) For the following reasons, Endo's motions are granted in part and denied in part.

1

**I.	Background**

In these two related cases, Endo, a pharmaceutical company, raised claims of patent infringement against generic drug manufacturers Amneal and Roxane. *Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 Civ. 8115, 2015 WL 9459823, at *2–3 (S.D.N.Y. Aug. 18, 2015). The cases were tried jointly, along with seven others, in a five-week bench trial before the late Judge Thomas P. Griesa in the spring of 2015. *Id.* at *2. At the conclusion of the trial, Judge Griesa held that the defendants had infringed or would infringe certain of Endo's patents. *Id.* Accordingly, the court "enter[ed] judgment in Endo's favor and enjoin[ed] defendants from making or selling their [infringing] products prior to the expiration" of the patents at issue. *Id.* at *66. The Federal Circuit affirmed, *see Endo Pharm. Inc. v. Teva Pharm. USA, Inc.*, 731 F. App'x 962 (Fed. Cir. 2018),[1] and the mandate issued on June 29, 2018 (*Amneal*, Dkt. Nos. 186–87; *Roxane*, Dkt. Nos. 241–42).

On remand, Endo filed bills of costs with the Clerk of Court, seeking $48,123.83 in costs from Amneal and $61,379.09 in costs from Roxane. (*Amneal*, Dkt. No. 189-1; *Roxane*, Dkt. No. 244-1.) Amneal and Roxane both objected, arguing that Endo was not entitled to any costs or, in the alternative, that Endo was entitled to only a portion of the costs it sought. (*Amneal*, Dkt. No. 190; *Roxane*, Dkt. No. 245.) On August 31, 2018, the Clerk determined that Endo was entitled to recover costs, but only in the amount of $7,759.03 from Amneal and $13,676.33 from Roxane. (*Amneal*, Dkt. No. 192 at 1; *Roxane*, Dkt. No. 247 at 1.)

Endo now seeks review of the Clerk's decisions on the taxation of costs. (*Amneal*, Dkt. No. 195; *Roxane*, Dkt. No. 250.) First, Endo argues that it is entitled to an additional $30,647.87

---

[1] The Federal Circuit has since vacated its opinion in part, but only with respect to a discrete issue that has no bearing on the issues presently before the Court. *Endo Pharm. Inc. v. Teva Pharm. USA, Inc.*, 729 F. App'x 936 (Fed. Cir. 2018) (per curiam).

2

from each of Roxane and Amneal to recover costs incurred in connection with the preparation and display of certain demonstrative graphics presented at trial. (*Amneal*, Dkt. No. 196 ("Endo Br.") at 2–5.) Second, Endo argues that it is entitled to an additional $831.31 from Amneal and an additional $1,660.06 from Roxane to recover certain costs incurred in connection with specified depositions. (Endo Br. at 5–8.) The parties have now briefed these issues (*Amneal*, Dkt. Nos. 196, 198, 201; *Roxane*, Dkt. Nos. 251, 253, 255), and the Court is prepared to rule.

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that, in the usual case, "costs—other than attorney's fees—should be allowed to the prevailing party" in a lawsuit. Fed. R. Civ. P. 54(d)(1); *see also Choi v. City of New York*, No. 10 Civ. 6617, 2013 WL 1387021, at *2 (S.D.N.Y. Apr. 5, 2013) (noting that an award of costs "against the losing party is the normal rule obtaining in civil litigation" (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds*, *Bruce v. Samuels*, 136 S. Ct. 627 (2016))). And 28 U.S.C. § 1920 ("Section 1920"), in turn, "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Taxable costs under Section 1920 include, as relevant, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," *id.* § 1920(4).

Typically, it is the Clerk of Court who first taxes a prevailing party's costs. *See* Fed. R. Civ. P. 54(d)(1). But once the Clerk has done so, either party may move for the court to review the Clerk's decision on costs. *Id.* When faced with such a motion, "[a] district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Choi*, 2013 WL 1387021, at *2 (quoting *Whitfield*, 241 F.3d at 269). In conducting its review, a court must be mindful that specific "[i]tems proposed by winning parties as costs should always be

3

given careful scrutiny," *Palm Bay Int'l, Inc. v. Marchesi Di Barolo S.P.A.*, 285 F.R.D. 225, 234 (E.D.N.Y. 2012) (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964)), and that the party seeking costs bears the burden of establishing that each expense it seeks to recover "fall[s] within an allowable category of taxable costs," *Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 384, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009) (quoting *Patterson v. McCarron*, No. 99 Civ. 11078, 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005)).

### III. Discussion

As noted, Endo moves to recover two categories of cost that the Clerk declined to award: (1) costs related to certain trial demonstratives and (2) costs associated with certain depositions. The Court addresses each of these categories in turn.[2]

#### A. Trial Demonstratives

Endo first challenges the Clerk's decision to disallow two invoices, together totaling $273,742.50, for the preparation of graphics to be used at trial, as well as an invoice totaling $2,088.22 for the rental of equipment that was used to display those graphics at trial. (Endo Br. at 2–5; *see also Amneal*, Dkt. No. 192 at 9, 134–54; *Roxane*, Dkt. No. 247 at 9, 134–54.) Endo maintains that the resultant total of $275,830.72 is indeed taxable under Rule 54 and that, after

---

[2] In opposing Endo's motions, Amneal and Roxane briefly renew their argument that Endo is not entitled to *any* costs. (*Amneal*, Dkt. No. 198 at 2.) But Amneal and Roxane have not themselves moved to appeal the Clerk's decisions, which granted Endo some (though not all) of its requested costs. In any event, Endo, which successfully secured an injunction against Amneal and Roxane, as well as a final judgment in its favor, *see Endo Pharm.*, 2015 WL 9459823, at *66, is the prevailing party in these suits, *see In re Omeprazole Patent Litig.*, No. M-21-81, 2004 WL 1782547, at *1 (S.D.N.Y. Aug. 9, 2004) (concluding that the plaintiff in a patent action was the prevailing party where the court entered an injunction that "clearly modified Defendants' behavior in a way that directly benefit[ed]" the plaintiff). Amneal and Roxane have presented no persuasive reason to depart from the "normal rule obtaining in civil litigation," *Choi*, 2013 WL 1387021, at *2 (quoting *Whitfield*, 241 F.3d at 270), that entitles the prevailing party to an award of costs.

the total is split among the nine cases that were tried together in this litigation, Amneal and Roxane are responsible for $30,674.87 each. (Endo Br. at 2–3.) But Amneal and Roxane respond, first, that costs incurred in developing trial demonstratives are not the sort of costs that are taxable to a losing party under Rule 54 and, second, that even if such costs are taxable as a general matter, Endo has presented insufficient detail about the specific costs requested here to establish that they are recoverable. (*Amneal*, Dkt. No. 198 ("Opp.") at 3–8.)

As a starting point, the Court notes that Rule 54 does not "grant[] courts discretion to tax whatever costs may seem appropriate." *Crawford Fitting*, 482 U.S. at 441. Rather, absent a contract or statute that authorizes a court to award additional costs to the prevailing party, only those costs that are set out in Section 1920 are properly taxable. *See id.* at 445. Here, Endo contends that the costs of preparing and displaying its trial demonstratives fall within Section 1920's provision for the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. § 1920(4). (*See* Endo Br. 3–5.) Because Endo nowhere argues that the disputed costs represent expenses incurred in "making copies," Endo can prevail only if the preparation and display of the trial graphics at issue here constitutes "exemplification" within the meaning of Section 1920.

There is disagreement, however, over how the term "exemplification" is to be understood in this context. On the one hand, "exemplification" is typically used in legal parlance to refer to "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." Exemplification, *Black's Law Dictionary* (10th ed. 2014). On the other hand, the term, when used more colloquially, "signifies the act of illustration by example." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Courts have consequently divided on the question of whether Section 1920 uses "exemplification" in its narrow legal sense, to refer only to the

5

reproduction or authentication of certain paper documents, or in its broader colloquial sense, to refer to the development of any sort of trial exhibit.  *Compare Kohus v. Toys R Us, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002) (applying Sixth Circuit precedent and rejecting "[the] contention that 'exemplification' should be construed broadly to encompass [certain] video exhibit[s]"), *and Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (similar), *with Cefalu*, 211 F.3d at 428 (holding that any trial exhibit "is potentially compensable as exemplification" as long as "the means of presentation furthers [its] illustrative purpose").

The parties here have not identified any Second Circuit authority that offers a conclusive definition of the statutory term "exemplification."  To be sure, the Second Circuit in *In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975* ("*In re Air Crash*"), 687 F.2d 626 (2d Cir. 1982), has held that the costs of transcribing an existing audio recording can constitute taxable exemplification, *see id.* at 631, which suggests that the Second Circuit does not read Section 1920 as narrowly limiting taxable exemplification costs to the costs of copying or authenticating public records.  But although *In re Air Crash* recognized that the costs of preparing "a necessary map, survey, or . . . transcript" are potentially taxable, *id.*, it never held that Section 1920's reference to "exemplification" extends, as Endo apparently believes it does, to include *any* purpose-made "demonstrative aid[]" that is produced at trial.  (Endo Br. at 3.)

Indeed, there is reason to doubt that "exemplification," as used in Section 1920, reaches so far.  First, the statutory text suggests otherwise.  Section 1920 groups "exemplification" together in the same subsection as "making copies" of existing materials.  28 U.S.C. § 1920(4). This pairing suggests that even if "exemplification"—which, recall, is sometimes used to mean a verified copy of a public record—includes the preparation of trial exhibits that, like the audio-to-text transcription at issue in *In re Air Crash*, merely translate data from one medium into another,

it might not cover the costs a prevailing party incurs in developing its own explanatory trial graphics from scratch. *See United States v. Williams*, 553 U.S. 285, 294 (2008) ("[A] word is given more precise content by the neighboring words with which it is associated."). Moreover, the Supreme Court has explained that Section 1920 should be read as limiting taxable costs "to relatively minor, incidental expenses," such that "the assessment of costs most often is merely a clerical matter that can be done by the court clerk." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (second quoting *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 656 (7th Cir. 1981)). Those observations, though dicta, "demonstrate[] the Supreme Court's reluctance to read Section 1920 broadly." *Broadspring, Inc. v. Congoo, LLC*, No. 13 Civ. 1866, 2016 WL 817449, at *5 (S.D.N.Y. Feb. 24, 2016), *aff'd in part, vacated in part on other grounds, Broadspring, Inc. v. Nashed*, 683 F. App'x 13 (2d Cir. 2017) (summary order). Consequently, this Court is skeptical of Endo's implicit position that Section 1920 is properly read as covering costs incurred in hiring specialists, billing over $200 an hour (*see Amneal*, Dkt. No. 192 at 134–54; *Roxane*, Dkt. No. 247 at 134–54), to assist in "designing a compelling presentation of the trial evidence," *Broadspring*, 2016 WL 817449, at *6; *see also Kohus*, 282 F.3d at 1359 ("Congress did not use the broad phrase 'demonstrative evidence' in [S]ection 1920 . . . .").

Ultimately, though, this Court need not decide this question of statutory interpretation. After all, even assuming, favorably to Endo, that the costs it seeks to recover fall within the scope of Section 1920, the consequence is that this Court "*may*" tax these costs, 28 U.S.C. § 1920 (emphasis added), and not that the Court *must* tax them. And, as the Court will now explain, Endo has not persuaded the Court to exercise whatever discretion it might have to authorize Endo to recover the costs it has incurred in preparing and displaying its trial graphics.

This District's local rules offer guidance on how this Court is to "implement[]" the provisions of Section 1920. *Shannon v. Fireman's Fund Ins. Co.*, 156 F. Supp. 2d 279, 304 (S.D.N.Y. 2001). And those rules provide, as relevant:

> The cost of photographs, 8" x 10" in size or less, is taxable if used or received in evidence. Enlargements greater than 8" x 10" are not taxable except by order of the Court. Costs of maps, charts, and models, including computer generated models, are not taxable except by order of the Court. The cost of compiling summaries, statistical comparisons and reports is not taxable.

S.D.N.Y. R. 54.1(c)(6). Although this provision creates a baseline rule that the costs of creating most trial aids are "*not* taxable," it is qualified by an important exception, *i.e.*, that such costs *are* taxable "by order of the Court." *Id.* (emphasis added). Courts in this District have read that exception to authorize the taxation of costs associated with "computer generated models and other similar aids," but to "require[] that the Court assess any such costs, rather than the Clerk, who otherwise determines what fees should be assessed." *In re Omeprazole Patent Litig.*, No. M-21-81, 2012 WL 5427791, at *7 (S.D.N.Y. Nov. 7, 2012) (second quoting *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 Civ. 8685, 2011 WL 2848644, at *1 (S.D.N.Y. July 18, 2011)). And courts in this District have accordingly relied on this exception to tax the costs associated with creating computerized trial aids. *See, e.g.*, *Settlement Funding*, 2011 WL 2848644, at *1; *DiBella v. Hopkins*, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005).

But even if these courts are correct that the local rules confer discretion on this Court to award Endo the costs it has incurred in developing and displaying the trial exhibits that enabled it to make a persuasive presentation of its case[3]—again, assuming that such discretion is consistent

---

[3] Here too, the Court has its doubts. The local rules' recognition that the costs of certain visual aids are sometimes taxable "by order of the Court," S.D.N.Y. R. 54.1(c)(6), hardly implies that the local rules confer discretion on courts in this District to tax those costs pursuant to *Section 1920* in particular. After all, the local rules similarly provide that "[a]ttorney fees . . . and other related fees and paralegal expenses are not taxable *except by order of the Court*,"

8

with Section 1920—Endo has not convinced this Court to order such an award. Most critically, the Court reiterates that the local rules' default position is that the "[c]osts of maps, charts, and models, including computer generated models, are *not* taxable." S.D.N.Y. R. 54.1(c)(6) (emphasis added). The Court therefore finds it appropriate to saddle Endo with the burden of presenting some particular justification for departing from this default. Endo has not done so.

Principally, Endo argues that a discretionary award of the costs it incurred in developing its trial exhibits is appropriate here because the presiding judge found some of those exhibits to be helpful in resolving the case. (Endo Br. at 4–5.) But even though a prevailing party's decision to fork out hundreds of thousands of dollars to consultants to develop a compelling visual trial narrative through the creation of purpose-made illustrations and animations will obviously help that party to present its case effectively, it does not follow that the losing party should bear such costs as a matter of course—especially where the Supreme Court has cautioned that taxable costs should be limited "to relatively minor, incidental expenses." *Taniguchi*, 566 U.S. at 573. The Court therefore finds it appropriate to limit any award of costs for developing trial demonstratives to the basic, administrative costs incurred in producing the sort of trial exhibits, such as the transcripts at issue in *In re Air Crash*, that merely translate preexisting materials into a format that makes it easier for a judge or a jury to access them in court. To be

---

S.D.N.Y. R. 54.1(c)(7) (emphasis added), but attorney's fees are not taxable under Section 1920, *see, e.g.*, *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (concluding that research costs are "a substitute for an attorney's time" and are not taxable under Section 1920). One might, then, read the local rules as barring taxation of the costs associated with most illustrative aids under Section 1920 but as recognizing that those costs *are* taxable where the court has awarded them pursuant to a fee-shifting statute that allows it to award certain "reasonable out-of-pocket expenses" above and beyond the costs that are taxable under Section 1920. *Shannon*, 156 F. Supp. 2d at 304 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). For present purposes, though, the Court will assume that the local rules afford it discretion to tax the costs Endo seeks to recover.

sure, portions of the unelaborated invoices Endo has submitted may well capture such costs. But Endo has made no effort to link specific claimed costs to specific trial exhibits or preparatory tasks, nor has it offered any other basis for determining what portion of its total claimed costs derive from unimaginative work like transcribing an audio file or enlarging a photograph. The Court therefore has no basis for concluding that Endo has overcome the local rules' presumption against the taxation of the costs associated with the development of computerized trial aids.

Ultimately, then, the Court holds that Endo has not demonstrated its entitlement to recover the $30,647.87 it claims in costs against Amneal or the $30,647.87 it claims in costs against Roxane to recoup the expenses it incurred in creating and displaying trial demonstratives.

### B. Deposition Costs

Endo next challenges the Clerk's decision not to tax certain costs it incurred in taking witness depositions. (Endo Br. at 5–8.) These costs can be divided into two categories: (1) transcripts and exhibits and (2) video recording.

#### 1. Transcripts and Exhibits

First, Endo challenges the disallowance of $7,481.81 it incurred in connection with the transcripts and exhibits from four specified depositions. (Endo Br. at 7; *see also Amneal*, Dkt. No. 192 at 38–49, 49–50, 55–56; *Roxane*, Dkt. No. 247 at 40–42, 51–52, 57–58.) After dividing this total equally among the nine cases that were tried together in this litigation, Endo maintains that it is entitled to recover $831.31 from Amneal and $831.31 from Roxane. (Endo Br. at 7.)

Section 1920 authorizes the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). And this Court's local rules explain how courts in this District are to apply Section 1920's directives in the context of deposition transcripts. As relevant, the local rules provide:

> Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety. . . . Costs for depositions taken solely for discovery are not taxable.

S.D.N.Y. R. 54.1(c)(2). It is well established that "a deponent's testimony at trial 'alone is sufficient to end the inquiry as to whether their depositions were "used" at the trial.'" *Farberware Licensing Co. v. Meyer Mktg. Co.*, No. 09 Civ. 2570, 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009) (quoting *Perry v. Metro. Suburban Bus Auth.*, 236 F.R.D. 110, 112 (E.D.N.Y. 2006) (collecting cases)). And courts in this District have repeatedly construed the local rules as authorizing a court to tax the costs of a deposition transcript "if, at the time the deposition was taken, the deponent's testimony appeared to be reasonably necessary to the litigation." *Adrea, LLC v. Barnes & Noble, Inc.*, No. 13 Civ. 4137, 2017 WL 3223955, at *2 (S.D.N.Y. July 26, 2017); *accord, e.g.*, *Anderson v. City of New York*, 132 F. Supp. 2d 239, 246 (S.D.N.Y. 2001).

Here, three of the four depositions at issue took testimony from witnesses who ultimately testified at trial. (*See Amneal*, Dkt. No. 197-1 at 5–6, 8.) The transcript costs—as well as the exhibit costs—from those depositions are therefore taxable. *See Farberware*, 2009 WL 5173787, at *5; *In re Omeprazole*, 2012 WL 5427791, at *4 ("[E]xhibit fees are taxable, as exhibits are a necessary part of an original deposition transcript."). As for the fourth deposition, Endo had been informed that the deponent intended to offer trial testimony on Defendants' behalf, and it was only after the deposition had been taken—and after trial had begun—that Endo learned that the deponent would not be testifying at trial. (*Amneal*, Dkt. No. 197 ¶¶ 5–7; *see also Amneal*, Dkt. Nos. 197-2, 197-3.) The transcript and exhibit costs for this fourth deposition too, then, are taxable because "the deponent's testimony appeared to be reasonably necessary to the litigation" at the time the deposition was taken. *Adrea*, 2017 WL 3223955, at *2; *see also Choi*,

11

2013 WL 1387021, at *3 (awarding deposition transcript costs to defendants where the plaintiff had "identified [the deponent] as a potential witness and only decided not to call him the day before his scheduled testimony").

The Court therefore concludes that Endo is entitled to recover an additional $831.31 in costs against Amneal and an additional $831.31 in costs against Roxane.

### 2. Video Recording

Finally, Endo seeks to recover a further $828.75 in costs from Roxane alone for the expenses Endo incurred in video recording the deposition of one witness in the *Roxane* case, David Dow. (Endo Br. at 8; *see also Roxane*, Dkt. No. 247 at 64.) While raising no challenge to the Clerk's decision that the costs of video recording all other depositions taken in this case are not taxable (Endo Br. at 8 n.2), Endo points out that portions of the video of the Dow deposition were filed with the Court under seal for inclusion in the trial record (*see Roxane*, Dkt. No. 178) and argues that the costs of recording that video in particular are therefore properly taxable.

In this District, "[v]ideo fees have been deemed taxable where 'there was an expectation among the parties that the video of the testimony might be presented at trial.'" *In re Omeprazole*, 2012 WL 5427791, at *4 (quoting *Settlement Funding*, 2011 WL 2848644, at *4). In responding to Endo's challenges to the Clerk's decisions on costs, Roxane disputes neither this point of law nor Endo's contention that the parties anticipated that the video of Dow's testimony would be presented to the Court. Instead, Roxane elects to rely on the objections it previously raised with the Clerk (Opp. at 8), and those objections, in turn, argued generally against taxing the costs of the video recordings of depositions but made no arguments specific to Dow (*Roxane*, Dkt. No. 245 at 11–12). The Court therefore treats the arguments Endo has made about the video recording of the Dow deposition in particular as unopposed and concludes that Endo is entitled to recover $828.75 from Roxane for the costs of producing that recording.

**IV.     Conclusion**

For the foregoing reasons, Endo's motions to appeal the Clerk's decisions on the taxation of costs are GRANTED in part and DENIED in part.  Endo is awarded an additional $831.31 in the *Amneal* case, No. 12 Civ. 8115, and an additional $1,660.06 in the *Roxane* case, No. 13 Civ. 3288.  The Clerk of Court is directed to close the motion at Docket Number 195 in No. 12 Civ. 8115 and the motion at Docket Number 250 in No. 13 Civ. 3288.

SO ORDERED.

Dated: June 10, 2019
       New York, New York

_____
                    J. PAUL OETKEN
                    United States District Judge